CUMPS, Appellant, vs. KIYO and wife, Respondents.

*November 8 — November 24, 1899.*

*Mortgage: Deed absolute in form: Legal title: Reconveyance unnecessary: Notice: Homestead: Waiver of wife's right: Estoppel.*

1. Where a deed of land, absolute in form, and a contract back were executed for the sole purpose of securing a loan, the legal title did not pass but remained in the grantor the same as if the convey-ance had been in form a mortgage.
2. Upon payment of the loan in such a case no conveyance back is necessary, the grantor being entitled only to demand the execu-tion of such an instrument as would satisfy the mortgage of record.
3. The fact that property worth $575 had been conveyed by deed for an indicated consideration of $125, and that at the same time a contract back had been executed, specifying the same amount as the purchase price, in connection with the fact that the grantors in the deed continued in possession of the property, is *held* to have been sufficient notice that the transaction created the relation of mortgagor and mortgagee between the parties to put a purchaser upon inquiry which would have disclosed the facts.
4. Cancellation of the mortgage feature of the transaction in such a case, as by a satisfaction of the land contract on the record thereof, would not divest the mortgagor of the legal title and vest it in the mortgagee.
5. Sec. 2203, Stats. 1898 (providing that "no mortgage or other aliena-tion by a married man of his homestead . . . shall be valid or of any effect as to such homestead without the signature of his wife to the same"), was not intended to give the wife a mere per-sonal right which she might waive, or be estopped by her conduct from insisting upon, but to protect the home for the benefit of the family and every member of it. Therefore, where a deed, absolute in form, of a homestead was in fact a mortgage, the rights of the

mortgagee or those claiming under him could not be enlarged by any acts of the mortgagors other than a literal compliance with the statute, both as to the fact of consent and the manner of manifesting it.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

Action of ejectment. Defendants, who are husband and wife, occupied the disputed premises as a homestead during all the times hereinafter mentioned. They conveyed such premises by deed, absolute on its face, to one Dieterville to secure a loan of $125 and interest thereon, payable in one year, taking back a land contract in the ordinary form, specifying the purchase price as $125, payable in one year with interest. Before the debt became due, defendant *Denis Kiyo,* his wife consenting, agreed to sell the premises to Peter April for $575. The latter borrowed the money of the plaintiff to pay for the property. For the purpose of consummating the agreement mentioned, *Denis Kiyo* indorsed a satisfaction of the land contract on the record thereof, and Dieterville, at the request of *Kiyo* and of April, made a deed of the premises to plaintiff, the latter advancing the purchase money, sufficient of which was paid to Dieterville to satisfy his claim, and the balance to *Kiyo,* who paid $160 thereof to his wife upon returning home. *Mrs. Kiyo* was not present when the transaction took place, but consented thereto in advance. Plaintiff based his right to recover possession of the premises on the deed made to him by Dieterville, as before stated. Judgment was rendered for the defendants.

For the appellant there was a brief by *Wigman & Martin,* and oral argument by *P. H. Martin.* They contended, *inter alia,* that conceding that the transaction was intended to secure a debt, yet Dieterville was the holder of the legal title in trust for *Kiyo,* and he could convey it as *Kiyo* might direct. *Glendenning v. Johnston,* 33 Wis. 347; *Smith v. Crosby,* 47

Cumps vs. Kiyo and wife.

Wis. 160; *Phelan v. Fitzpatrick*, 84 Wis. 240; *Swift v. State L. Co.* 71 Wis. 476; *Gruber v. Baker*, 9 L. R. A. 302; *Maxfield v. Patchen*, 29 Ill. 42; *Carpenter v. Carpenter*, 70 Ill. 457; *Rice v. Rice*, 4 Pick. 350; *Shubert v. Stanley*, 52 Ind. 46; *Falis v. Conway M. F. Ins. Co.* 7 Allen, 46. An absolute conveyance, though made to secure a debt, transfers to the grantee the legal title, and a reconveyance is necessary. *First Nat. Bank v. Tighe*, 49 Neb. 299; *Gallagher v. Giddings*, 33 Neb. 222; *Baird v. Kirtland*, 8 Ohio, 21; *Hughes v. Davis*, 40 Cal. 117; 1 Jones, Mortgages, § 339; *Kemper v. Campbell*, 44 Ohio St. 210; *Loring v. Melendy*, 11 Ohio, 355.

For the respondents there was a brief by *Sheridan & Evans*, and oral argument by *Philip Sheridan*.

MARSHALL, J. The points relied upon by appellant for reversal of the judgment are as follows: (1) Dieterville held the legal title to the land; therefore, though the purpose of the conveyance to him was to secure the payment of the debt owing by the grantor to him, he could convey the legal title to the premises to another by the direction of *Kiyo;* (2) when the debt to Dieterville was paid, *Kiyo* was entitled to a conveyance back of the property, hence could legally authorize its conveyance to a third person; (3) plaintiff dealt with *Kiyo* as the equitable owner without notice of the precise title held by Dieterville, and is therefore entitled to protection as an innocent purchaser relying on the record title; (4) even if the conveyance to Dieterville was intended as a mortgage, it was competent for *Kiyo* and Dieterville to cancel the mortgage feature, leaving the legal title in the latter free from such feature; (5) defendants are estopped from claiming that the interest of Dieterville was less than the full legal title, because all parties acted on that theory and defendants have received and retained the purchase money. The several points indicated will be briefly discussed.

1. There is no question on the record but that the convey-

ance to Dieterville and contract back were executed for the sole purpose of securing the latter for money loaned by him to the former. Therefore, his interest was that of a mortgagee. The legal title did not pass by the *Kiyo* deed. It remained in *Denis Kiyo* the same as if the conveyance had been in form what it was in fact, a mere mortgage. In determining whether an instrument, or several instruments forming a single transaction affecting the title to real estate, constitute a mortgage, reference must always be had to their purpose, not their form. If such purpose be that of security merely, no matter what the form adopted to effect it, in law the relation between the parties, created by the transaction, is that of mortgagor and mortgagee, the legal title remaining in the former and a mere mortgage lien vesting in the latter. Therefore, the idea that Dieterville, by his deed to appellant, conveyed the legal title to the property in dispute because such was the character of his interest, cannot be sustained. *Brinkman v. Jones*, 44 Wis. 515; *Phelan v. Fitzpatrick*, 84 Wis. 240; *Merchants' & M. S. Bank v. Lovejoy*, 84 Wis. 601.

2. When the debt to Dieterville was paid, no conveyance of the legal title by him back to *Kiyo* was necessary, because such title never passed from the latter to the former, as before indicated. All that *Kiyo* was entitled to demand was a satisfaction of Dieterville's mortgage lien of record and the execution of such an instrument as was necessary to accomplish it. The payment of the debt *per se* extinguished the mortgage lien, leaving Dieterville with no greater interest than he would have had if his lien had been created by a mortgage in the usual form. The relation between the parties being that of mortgagor and mortgagee, the mere form by which that relation was created did not in any way affect the result of the payment of the mortgage debt. It was governed by the familiar rule that the payment of the debt extinguishes the lien, and that the

making of a satisfaction of record is required solely for the purpose of having such record exhibit truly the facts. *Brinkman v. Jones, supra; Slaughter v. Bernards*, 97 Wis. 184. So the idea that after the payment of the debt to Dieterville he had the legal title to the property in dispute, which he could convey to *Kiyo* or any one else, is contrary to the well-settled law on the subject.

3. The contention that appellant dealt with *Kiyo* as the holder of a mere equitable title under the conditional sale contract, is not borne out by the evidence. The record title showed clearly that Dieterville's interest was that of a mortgagee. There was no mistaking the meaning of the deed from *Kiyo* to Dieterville of property worth $575 for an indicated consideration of $125, and the contract made back at the same time specifying a like amount as the purchase price of the property. Those facts pointed to the transaction as creating the relation of mortgagor and mortgagee with sufficient clearness at least to have put any person of ordinary intelligence and prudence upon an inquiry, which would inevitably have discovered to the inquirer the exact facts. The circumstance that the *Kiyos* were in possession of the property, in connection with the condition of the record, was also notice of their interest as plaintiff could have discovered it upon an inquiry of them. Further, appellant knew that April dealt with *Denis Kiyo* as the owner of the property, and that the only interest Dieterville claimed was a lien to secure the payment of $125 of borrowed money due to him from *Kiyo*. Appellant did not act in the matter through any mistake of fact, but through mistake of the legal effect of a deed from Dieterville under the circumstances. He evidently supposed that, because Dieterville had received a conveyance in the form of a deed, he held the legal title and could convey it to a third person. In that he was in error, as we have seen.

4. The relation between *Kiyo* and Dieterville being that

of mortgagor and mortgagee, as stated, the cancellation of the mortgage feature divested Dieterville of his entire interest in the premises.   There was no way by which the mortgage lien could have been used to divest *Kiyo* of the legal title to the property, except by resort to one of the methods of foreclosure provided for by statute, unless defendants, by their conduct, could estop themselves from insisting on the true state of the title.   Cases elsewhere to the contrary need not be reviewed, for the law of this state is too well established to admit of being questioned.  *Slaughter v. Bernards, supra.*

5. The last contention is that defendants were estopped from claiming that the conveyance by Dieterville to the plaintiff did not transfer title to the property.   It is a sufficient answer to such contention that the statutory policy of this state is that a wife shall possess an absolute veto upon the husband's power to alienate his homestead, and that she shall be conclusively presumed to have exercised it till the contrary appears by her voluntary act of joining with him and conveying such homestead, evidenced by her signature to the conveyance.   Sec. 2203, Stats. 1898, provides that, "no mortgage or other alienation by a married man of his homestead, exempt by law from execution, shall be valid or of any effect as to such homestead without the signature of his wife to the same."   Recognizing the disability thus created, this court has held that a mortgage of a homestead cannot be increased or revived after payment, except by a joint written agreement to that effect, signed by husband and wife.  *Campbell v. Babcock*, 27 Wis. 512; *Spencer v. Fredendall*, 15 Wis. 666; *Dunn v. Buckley*, 56 Wis. 190; *Ferguson v. Mason*, 60 Wis. 377.   Also held that if a husband and wife execute a mortgage, intended to cover the homestead, but which does not by reason of a mistake in the description of the property, such mistake cannot be corrected by the court even by consent of the wife, or in any

way except by an instrument signed by her and her husband in the manner provided by statute. *O'Malley v. Ruddy*, 79 Wis. 147.

The policy of the statute indicated is not to give the wife a mere personal right for her personal benefit which she may waive, or be estopped by her conduct from insisting upon, but to protect the home for the benefit of the family and every member of it,— a beneficent policy of the highest character, calling for a broad, liberal application of the statute, so as to carry it out, fully, in letter and spirit. If it should be held that the homestead right is a mere privilege which the wife may waive, or which may be lost under the rules of equitable estoppel, a very efficient way would be open to evade and nullify the statute. Such right is placed high above the reach of any such dangers by the absolute disability to alienate the homestead in any manner, except by a joint conveyance of some kind, signed by the husband and wife. The disability of the husband to otherwise convey the homestead is as complete as if it were not alienable at all, and of the wife to otherwise consent to such alienation, as if she were a minor. The doctrine of this case and of those cited does not militate against the capacity of the wife to be affected by an equitable estoppel, as to whether specific property is or is not a homestead, or from denying that a paper signed by her, covering the homestead, was so intended. *Nelson v. McDonald*, 80 Wis. 605. The limit of the doctrine declared and applied is that the law of estoppel cannot take the place of the statutory requisite to alienation. Here, though there was an alienation of the land in form to Dieterville, there was none in fact. The parties knew, or ought to have known, that his rights were those of a mere mortgagee and that there was no way of enlarging his interest or the interest of any one claiming under him, except by a compliance with the statute; that, the statute being imperative, the only way it can be satisfied is by a

literal compliance with it, both as to the fact of consent and the manner of manifesting it. Rice, Real Prop. 945; *Godfrey v. Thornton*, 46 Wis. 677. Such was the holding of the trial court which resulted in the judgment appealed from, hence it must be affirmed.

*By the Court.*— So ordered.