# TAPLEY v. OGLE, Appellant.

### Division Two, April 23, 1901.

1. **Homestead: ESTOPPEL.** There is no such inconsistency as to work an estoppel in claiming a piece of land as exempt from execution in lieu of the personal property exempted by the statute, and subsequently, in ejectment by the purchaser at the execution sale, in claiming it as a homestead.

2. ————: ————: PROMISE TO SELL, ETC. The most positive parol promise to sell land or not claim it as a homestead is void in law even though the consideration may have been paid. That can be done only in the manner prescribed by the statute.

3. ————. ————: ALLEGATIONS IN A PETITION. Allegations in a petition in a suit on the sheriff's bond by one whose land has been sold after it was claimed by him in lieu of certain personal property exempted by the statute, that the sheriff had sold all his right, title and interest therein, and claiming damages therefor, do not estop him· in a subsequent ejectment by the purchaser at said execution sale, from claiming the land as a homestead.

4. ————: ————: EXEMPTIONS: SALE: SUIT FOR DAMAGES: EJECTMENT. Judgment having been recovered against Ware, the sheriff seized upon the land in controversy, and thereupon Ware notified him that he claimed it as exempt in lieu of other personal property which he did not own, its value being less than $300. Nevertheless the land was sold, and plaintiff became the purchaser, and Ware sued the sheriff on his bond for damages, and recovered judgment for the value of the land, and then plaintiff brought ejectment, and afterwards Ware sold the land to defendant. *Held*, that defendant is not estopped from claiming said land as Ware's homestead, by the fact that Ware once claimed it as exempt from execution in lieu of other personal property, nor by the. fact that in his suit for damages he alleged the sheriff had sold all his title and interest in the land, nor by the further fact that he subsequently signed a paper which purported to deliver possession to plaintiff and to authorize him to sell it, nor by the fact that he thereafter sold it to defendant and ac-

quired another homestead—said written consent to take possession and sell the lot being a mere license, and not being acted on was revocable at pleasure, and was in fact revoked by the subsequent deed to defendant.

Appeal from Pike Circuit Court.—*Hon. Reuben F. Roy,* Judge.

REVERSED AND REMANDED.

*J. D. Hostetter* for appellant.

(1) The court found affirmatively that the land in controversy was at the time of the levy and sale to plaintiff Tapley under the Jacobs judgment, a part of Ware's homestead, but that Ware and his vendee were estopped from asserting the homestead right as against the plaintiff. If the land in controversy was a part of Ware's homestead, then the Jacobs judgment constituted no lien on it, and a sale thereunder conveyed no title to the purchaser. Macke v. Byrd, 131 Mo. 688; Ratcliff v. Graves, 132 Mo. 76; Creech v. Childers (Mo.), 56 S. W. 1106; Harrington v. Utterback, 57 Mo. 519; Holland v. Kreider, 86 Mo. 59; Biffle v. Pullam, 114 Mo. 50; Vogler v. Montgomery, 54 Mo. 577; Peake v. Cameron, 102 Mo. 574; Bartels v. Kinnenger, 144 Mo. 370. (2) The proposition that a plaintiff in ejectment must recover upon the strength of his own title and not on the weakness of his adversary's, and that he must have the legal title in order to recover, is elementary law, and has been iterated and reiterated by the courts of this State. Gumo v. Admrs. of Janis, 6 Mo. 330; Norcum v. D'Oench, 17 Mo. 99; Ford v. French, 72 Mo. 250; Dunlap v. Henry, 76 Mo. 106; Large v. Fisher, 49 Mo. 307; Beal v. Hannon, 38 Mo. 435; Foster v. Evans, 51 Mo. 39; Cape Girardeau, etc., Co. v. Renfro, 58 Mo. 265; Duncan v. Able, 99 Mo.

188; Marvin v. Elliott, 99 Mo. 616; Wilkerson v. Eiles, 114 Mo. 245; West v. Bietelle, 115 Mo. 653; Mulherin v. Simpson, 124 Mo. 610; Whitmore v. Crawford, 106 Mo. 435; Hunt v. Sellock, 118 Mo. 588; Johnson v. Houston, 47 Mo. 227. (3) It was not necessary for Ware to assert his claim to his homestead at the time of the levy and sale under the Jacobs judgment, although as a matter of fact he did claim said property as exempt from the execution and served notice upon the sheriff to that effect. But even if he had not done this, his visible occupancy of the same was a sufficient assertion, and more particularly is this true as the land in controversy here did not exceed in extent or value the limits fixed by law for a homestead.

*I. C. Dempsey* and *Tapley & Fitzgerald* for respondent.

(1) Appellant occupies no better position than his grantor, Ware, his father-in-law. He and Ware were defendants in the Jacobs suit and judgment. Ware's property was sold under the execution in favor of Jacobs and against Ware and Ogle. Being a son-in-law of Ware, receiving the conveyance with notice and without consideration, he got no title. (2) Ware, in and by his suit against the sheriff and his sureties (respondent being one of them), instituted on the twentieth day of September, 1895, elected to claim his real estate as exempt, not under the homestead law, but in lieu of personal property under the provisions of section 3162, Revised Statutes 1899, and having recovered a judgment for the value of the land in controversy, and having received the amount thereof, could not have questioned the validity of the sale to respondent, nor can his son-in-law, Ogle, the appellant herein. Austin v. Loring, 63 Mo. 19; Chase v. Williams, 74 Mo. 437; Wilcoxon v. Osborn, 77 Mo. 628; Nanson v. Jacobs, 93 Mo. 346; Cly-

burn v. McLaughlin, 106 Mo. 524; Lanier v. McIntosh, 117 Mo. 519; Fisher v. Sickmann, 125 Mo. 180; 15 Am. and Eng. Ency. of Law (2 Ed.), p. 662; Lawson's Admr. v. Chapman, 79 Mo. App. 620; State ex rel. Nussberger v. Connor, 73 Mo. 572; Daniels v. Tearney, 102 U. S. 415; Davis v. Wakelee, 156 U. S. 689; Moshier v. Frost, 110 Ill. 206; Strosser v. Fort Wayne, 100 Ind. 443. (3) The block of ground was not necessarily a part of Ware's homestead, it being disconnected from his homestead, and the sheriff's deed conveys title. Chance v. Norris, 143 Mo. 235. But aside from the above, Ware admits that he used the money that he recovered from the sheriff through the coroner on the execution against Dougherty and his bondsmen, or at least a part of it, in the purchase of his new homestead in the city of Bowling Green, Mo. How then can he hold the $50 so received and the land both?

BURGESS, J.—This is ejectment for the possession of block one in the town of Spenceburg, Pike county. The petition is in the usual form, and the answer a general denial. The cause was tried before the court, a jury being waived.

The facts are about as follows:

The defendant is a son-in-law of one C. C. Ware, against whom, and the defendant, one Milton D. Jacobs recovered judgment in the circuit court of said county for the sum of five hundred and one dollars, upon which execution was issued, and thereafter on the twenty-ninth of May, 1895, at a sale by the sheriff under said execution, plaintiff became the purchaser of said block at the price of one dollar, and for which he received the sheriff's deed on the twenty-ninth day of January, 1896. William T. Horn bought a thirty-eight-acre tract of land at the same sale for which he paid the sum of two hun-

dred and forty dollars.

Before said sale, however, and while the execution was in the hands of the sheriff, Ware who was the head of a family, notified the sheriff, Dougherty, who had the execution, that he claimed the lots or tracts of land referred to as exempt from execution under the provisions of section 4906, Revised Statutes 1889, in lieu of other personal property which he did not own, the land not exceeding three hundred dollars in value. The sheriff ignored this claim for exemption and sold the property, Horn and Tapley becoming the purchasers as before stated.

Ware thereafter sued and recovered judgment in the circuit court of said county against the sheriff and his sureties on his official bond for two hundred and ninety dollars damages for not appraising and setting apart the property exempt to him as required by statute. He alleged in his petition in that case that the sheriff did "expose for sale and did sell under said execution all of the relator's (plaintiff's) right, title and interest in and to said real estate, and at said sale one William T. Horn purchased the said northwest quarter of the southwest quarter of section thirty of township 54, of range 4 west, at the price and sum of $240, and one Joe Tapley purchased block one in said town of Spenceburg, at the price and sum of one dollar and the said purchasers thereby acquired all of relator's title to the respective tracts so purchased by them, said Dougherty thereafter making deeds conveying to each all of relator's right, title and interest in the respective tracts so purchased by them at said execution sale."

Ware acquired title to said block one by deed which was recorded May 26, 1881, several years prior to the giving of the notes to Jacobs, which were thereafter reduced to judgment, and under which judgment the property was sold, and he was occupying it as a homestead at the time of the sheriff's sale.

He testified on the trial of his suit against Sheriff Dougherty on his bond, that the block in question was worth $50.

In November, 1896, Ware purchased a lot in Bowling Green, built a house upon it, and at the time of the trial was living therein, he and his wife having conveyed by quitclaim deed, dated October 11, 1897, the property in controversy to defendant, Ogle, this conveyance not being made, however, until after Tapley had instituted his suit in ejectment against Ogle, who was left by Ware in actual possession of the block in controversy. On February 1, 1897, Ware signed and gave plaintiff a paper purporting to deliver possession of block one to him and authorizing him to rent or sell same.

At the close of all the evidence in the case, upon the request of the defendant, the court made a finding of facts which finding was as follows:

"At the request of the defendant to find the facts separate from the conclusion of law, the court finds that the land sued for in this cause was at the time of the levy and sale to plaintiff under the Jacobs execution and judgment a part of the homestead of C. C. Ware, but that said Ware is estopped from asserting his homestead right as against the plaintiff and said defendant is, therefore, estopped from asserting same as against said plaintiff."

To which finding of facts and the conclusion reached by the court the defendant then and there at the time objected and excepted and duly saved his exceptions.

Defendant prayed the court to declare the law to be as follows:

"1.   The court declares the law to be that under the evidence and pleadings in the case, plaintiff is not entitled to recover."

"2.   The court declares the law to be that if the land in controversy was used by C. C. Ware as a part of his homestead

at the time of the levy and sale under the Jacobs judgment, then no title passed to plaintiff by virtue of such sale, and plaintiff is not entitled to recover."

Which the court refused. Whereupon defendant then and there excepted to the action of the court in refusing to declare the law as asked by him and duly saved his exceptions.

Plaintiff asked no declarations of law and none were given.

The court rendered judgment in favor of plaintiff for the possession of the premises sued for. Defendant thereafter in due time filed his motion for a new trial which was overruled, and he appeals.

That the block of land involved in this controversy was Ware's homestead, and under the facts disclosed by this record exempt from sale under said execution, is beyond question (sec. 5435, R. S. 1889; Bank of Versailles v. Guthrey et al., 127 Mo. 189), and the fact that he claimed it as exempt under section 4906, Revised Statutes 1889, which provides that each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section 4903, may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars, and that he sued the sheriff on his official bond for damages for ignoring his claim for exemption, and recovered judgment against him and his sureties for the value of the block in question by way of damages, which he thereafter collected, and that he gave plaintiff after his purchase of it permission in writing to take possession of it and sell it and thereafter acquired another homestead and abandoned the lot as such, did not change the character of the block at the time of the rendition of the judgment against Ware, and at the time of its sale under execution at which plaintiff became the purchaser, and render it subject to

sale under that judgment and execution.

Under our statute, when a homestead comes within its prescribed limits both as to quantity and value, as in the case at bar, it is absolutely exempt from attachment and sale under execution for the payment of debts contracted after its acquisition by the homesteader, and it is wholly unnecessary, as it is in many States, that he in such case should claim it as exempt, for the law so declares it. Nor do we think there was any inconsistency in the claim of Ware of the thirty-eight-acre tract and the block of land as exempt from execution in lieu of other personal property which he did not own, and the claim which is now asserted that the land was his homestead and exempt from such sale, for in the first instance, by express provision of the statute, he had the right to claim the land in lieu of other property, while in the other, he could only part with the title to the land or any interest therein as indicated by section 2395, Revised Statutes 1889, which negatives its being done in any other manner. The most positive parol promise to sell the land, or not claim it as a homestead, would have been void in law even though the consideration may have been ample. And if plaintiff had been assured by Ware at the time he purchased the land that he would not claim it as a homestead, he would not have been estopped to make it for the obvious reason that the statute makes void all efforts to transfer interest in land except by some instrument in writing. [Section 5186, Revised Statutes 1889.]

Nor did the allegations in the petition in the suit of Ware v. Dougherty, sheriff, have the effect of divesting Ware of the title to the block, or to estop him from claiming it as being exempt from execution as a homestead.

The general rule is that estoppel, in order to be available to either party or their privies, must be mutual, and we do not wish to be understood as holding, under the facts disclosed

by the record in this case, that plaintiff is in position to invoke that rule against the defendant, or even if he was that he could recover in this action.

The written consent by Ware for plaintiff to take possession of the block and to sell it was a mere license, and never having been acted upon was revocable at pleasure, and was in fact revoked by Ware when he thereafter executed the deed to defendant for the block.

It follows from what has been said that plaintiff, not having title to the block of ground in controversy, was not entitled to recover.

The judgment is reversed and cause remanded. *Sherwood*, P. J., and *Gantt*, J., concur.