SARAH E. VAN DOREN ET AL. V. GUST H. WIEDEMAN ET AL., REVIVED IN THE NAME OF JOHN E. WIEDEMAN, ADMINISTRATOR OF THE ESTATE OF GUST H. WIEDEMAN, DECEASED, ET AL.

FILED MARCH 18, 1903.    No. 12,391.

1. **Sheriff's Deed**: HOMESTEAD: EXECUTION SALE: JUDGMENT AGAINST HUSBAND. A sheriff's deed made in pursuance of a sale of a debtor's homestead, which at the time of the levy is occupied as such by the debtor and his family, the judgment running against

the husband individually, will not devest the debtor of his title to the homestead, nor invest the purchaser with any title thereto.

2. **Homestead: LEVY: SALE: WAIVER.** A homestead was levied upon and sold by the sheriff on an ordinary execution. After confirmation of the sale and application of the proceeds to the payment of the judgment and costs, a surplus amounting to the sum of $2,449.08 remained in the hands of the sheriff. The wife had not been a party to the proceedings, but subsequently, by application to the court, obtained an order for the payment of the surplus to her. The sheriff, acting in pursuance of this order, required that the husband join with the wife in signing the receipt for the money. *Held*, That a waiver of the homestead right by the husband could not be predicated solely upon the fact that he signed the receipt. Whether in any event a homestead right can be waived, *quære*.

ERROR to the district court for Cass county: PAUL JESSEN, DISTRICT JUDGE. *Reversed.*

*Byron Clark* and *C. A. Rawls*, for plaintiffs in error.

*Carey S. Polk, contra.*

KIRKPATRICK, C.

This is an error proceeding prosecuted from a judgment of the district court for Cass county in an action of ejectment brought by Gust H. Wiedeman, now deceased, the action having been revived in the name of his administrator and heirs at law, defendants in error, against Sarah E. Van Doren and Aaron L. Van Doren, plaintiffs in error. There was judgment for plaintiff below. The petition filed in the district court alleges, "that plaintiff is the owner and is entitled to the possession of the northwest quarter of section seventeen (17) in township twelve (12) north, range nine (9) east of the sixth principal meridian, in said county of Cass, and that said defendants and each of them since the 18th day of April, 1899, have unlawfully kept and still keep the plaintiff out of possession thereof. Wherefore the plaintiff prays judgment for the delivery of possession of said premises to him and for his costs herein expended." Separate answers by the Van Dorens consisted of general denials.

The court found that the Van Dorens were husband and wife, and as such were living upon the premises; that on April 2, 1898, Aultman, Miller & Co. recovered a judgment against A. L. Van Doren for $154.70, a transcript of which was filed in the office of the clerk of the district court April 4, 1898; that on November 11, 1898, A. L. Van Doren transferred the title to the premises to his wife, the deed being recorded on March 11, 1899; that execution was issued on the judgment February 7, 1899, and levied upon the premises; that no proceedings have been taken by the creditors, either to set aside the conveyance, or to have the homestead interest of the Van Dorens appraised; that the land was sold under the execution on March 31, 1899, the sum realized being $2,725; and after the deduction of the costs and judgment, there remained in the hands of the sheriff $2,449.08; that the sale was confirmed April 10, 1899, a sheriff's deed issuing to G. H. Wiedeman, the purchaser; that up to May 1, 1899, Sarah E. Van Doren had not been a party to the proceedings; that on that day she filed a motion in the case of Aultman, Miller & Co. v. A. L. Van Doren, her husband, asking the court to direct the sheriff to turn over the surplus of $2,449.08 to her (the fund arising from the sale of the premises), claiming to be the owner thereof; that the district court granted this motion, directing the surplus to be paid to her; that the husband joined with his wife in demanding of and receipting to the sheriff for such surplus; that subsequent to the confirmation of the sale, and on April 22, 1899, G. H. Wiedeman asked the court to set aside the sale and relieve him of his bid, for the reason that he could not obtain possession of the land; that the Van Dorens made no appearance on the hearing of such motion, neither of them having any actual notice of the motion to confirm the sale; that Wiedeman's motion to set aside the sale, and Sarah E. Van Doren's motion asking that the surplus be paid to her, were submitted and passed upon the same day, June 21, 1899, the former being overruled, the latter sustained.

Upon these findings of fact the court held, first, that the

ownership and occupancy of the premises by the Van Dorens was a sufficient selection of the premises as a homestead, and that all persons, including the plaintiff G. H. Wiedeman, were charged with notice of the homestead character of the premises, and that such character continued in said land up to and including the sale under execution; second, that when Sarah E. Van Doren appeared in the case of Aultman, Miller & Co. against A. L. Van Doren, filing a motion asking that the surplus of the sale be paid to her, she waived antecedent irregularities, and waived the right to claim the land as a homestead; that A. L. Van Doren and Sarah E. Van Doren are now estopped to deny the validity of the sale and to claim the land as a homestead. Thereupon judgment was rendered for plaintiff below, which was superseded, plaintiffs in error being still in possession of the premises.

The findings of fact by the trial court are in the main supported by the evidence, with the exception that the record fails to show that A. L. Van Doren took any part in securing the payment of the surplus to his wife further than that he made an affidavit, which his wife filed with her motion, and that he, apparently at the instance of the sheriff, who by the court was ordered to pay the money to Mrs. Van Doren, joined with his wife in receipting for the money. In addition to matters found by the court, it appears that the land was appraised by the sheriff in gross at $6,400, which sum, after the deduction of a prior incumbrance of $2,000 and certain unpaid taxes, was reduced to $4,081.63. It was twelve days after confirmation of the sale, and on April 22, 1899, that Wiedeman, the purchaser, desiring to be relieved from his bid, filed a motion assigning the following reasons why the sale should be set aside:

"First, for the reason of mistake and irregularity in said sale; second, for the reason that said property was appraised as the property of said A. L. Van Doren, and sold as such to this plaintiff, when in truth and in fact the said A. L. Van Doren was not the owner thereof; third, for the reason that the said G. H. Wiedeman is unable to get or secure title thereto."

The motion of Mrs. Van Doren referred to, and filed May 1, 1899, is as follows:

"Now comes Sarah E. Van Doren, owner of the real estate sold in the above cause to the purchaser, G. H. Wiedeman, and moves the court to order the sheriff to pay the surplus arising from sale to this owner, Sarah E. Van Doren."

Neither of plaintiffs in error were parties to the motion of Wiedeman to be relieved from his bid, apparently having no knowledge thereof, although Mrs. Van Doren was present in court on June 21, 1899, by attorney, urging her own motion. However, both motions appear to have been ruled upon at the same time, the journal entry being as follows: "Now on this day this cause came on for decision, having been heretofore argued and submitted, on the motion to set aside sale under execution and confirmation thereof, on consideration whereof the court doth overrule the same, and the sheriff is ordered to pay over money to Mrs. Van Doren"; to which order it appears Wiedeman took an exception.

Upon paying the money on the same day, the sheriff made a condition of such payment the requirement that the husband sign with Mrs. Van Doren. Wiedeman resided near the land in controversy, was well acquainted with plaintiffs in error, and knew they occupied the premises as a homestead. He was the notary who took the acknowledgment to the deed conveying the premises to Mrs. Van Doren.

It is contended by plaintiffs in error that the rule of *caveat emptor* applies to the purchaser at this sale; that by the confirmation of the sale the homestead was in no manner affected; that the record discloses nothing to estop plaintiffs in error to assert their homestead right herein; that the parties being without power to alienate or incumber their homestead except in the manner prescribed by statute, no estoppel can be invoked, as estoppel can not supply the want of power; that judgment against the husband was no lien against the homestead; that sale on such

judgment did not devest title; that the homestead interest embraced the entire tract, and that no appraisement of the property and severance of the homestead interest was had in pursuance to the statute, this in itself being a complete defense in the action of ejectment.

On the part of defendants in error it is contended that by accepting the proceeds of the sale in the hands of the sheriff, plaintiffs in error estopped themselves from questioning the validity of the sale; that, by so accepting the surplus, they ratified any irregularity in the proceedings theretofore had; that they actively affirmed the sale by seeking to procure the surplus; and, further, that all such matters could be shown in ejectment, although not specially pleaded.

The question thus presented is whether Mrs. Van Doren, by filing her motion asking for the payment of the surplus of the sale to her, a fund created by the sale of the premises, and thus appearing in the action after sale and confirmation thereof, has placed it beyond the power of herself and husband to assert a right to the homestead exemption. Section 1 of chapter 36, Compiled Statutes (Annotated Statutes, 6200), limits the value of the homestead; section 3 designates the instances in which the homestead will be liable to forced sale; section 4 provides that both spouses must join in a conveyance. We think it is in entire accord with judicial construction of exemption laws to regard the sections referred to as exclusive of all other modes of conveying or incumbering the homestead, or rendering it liable to forced sale, unless, as hereinafter considered, the claimants, while in possession, may waive their right, and whether plaintiffs in error did so waive it.

Other sections of the same chapter contain authority for creditors to satisfy their claims out of the property of homestead claimants when the homestead is so intertwined with other property that the latter, which is liable upon execution, can not be severed and rendered available without destroying the value or identity of the homestead. But it will scarcely be contended that this is a forced sale of the

homestead, but rather a transformation of the entire property, including the homestead, into a form of wealth or property in order that the severance may be accomplished. The claimants have not suffered a loss of the homestead, but only the unavoidable prejudice of having the homestead transformed into a money equivalent. The statute is unambiguous, and the forced sale of the premises constituting the homestead is made to depend upon certain conditions, none of which are found to exist in the case at bar. The only basis for the right of defendants in error must be found in an alleged waiver by plaintiffs in error.

Much has been said in the argument of this case as to the right or ability of homestead claimants to waive the right. On the part of plaintiffs in error it is said that the power to waive does not exist, and numerous authorities are cited tending to show, in cases where waiver was interposed to defeat the claim of homestead, that there is no power exclusive of the modes laid down by statute, and that want of such power can not be supplied by estoppel. *Minnesota Stoneware Co. v. McCrossen,* 110 Wis. 316, 85 N. W. 1019, 84 Am. St. Rep. 927; *Cumps v. Kiyo,* 104 Wis. 656; *Tapley v. Ogle,* 162 Mo. 190, 62 S. W. 431.

By defendants in error it is said that the homestead right is a personal privilege, to be waived or surrendered by the claimant whenever he sees fit, and that it will be held to have been waived, unless he has made a timely assertion of the right. In support of this theory it may be admitted that numerous expressions to the effect that the exemption is a personal privilege occur in the prior decisions of this court, to obviate which, it is suggested by counsel for plaintiffs in error that, however applicable such language may have been under the law as it obtained in this state prior to 1873, by subsequent amendments thereto, notably that providing for the signature and acknowledgment of both spouses to any instrument conveying or incumbering the homestead, all reference to exemption being a personal privilege of the head of the family subject to waiver is in conflict with the spirit as well as the letter of the law as it now reads.

With reference to this contention it may be said that possibly some confusion has resulted by reason of the fact that the law of 1867 has been amended in some important particulars, especially with regard to the voice of the wife in the disposition and control of the homestead. The law, prior to the amendment referred to, was construed as conferring upon the head of the family a personal privilege, waivable by the husband alone. *Jackson v. Creighton*, 29 Neb. 310.

Speaking of the law as it then obtained, Judge LAKE, in *Rector v. Rotton*, 3 Neb. 171, 176, said: "Even the wife, when the title is in the husband, has no power to prevent him from making such disposition of it as he may think best." Clearly this language would be inapplicable to the law as it now stands, and it has accordingly been held that a waiver can only be invoked when those entitled to assert the right have been parties to the proceedings resulting in the sale of the premises, and these proceedings must have been adversary in their character, and an opportunity must have been afforded to the claimants to assert their homestead right. *Brownell v. Stoddard*, 42 Neb. 177.

The soundness of the holding that the homestead right can in any event be waived, or that the doctrine of equitable estoppel can be invoked to nullify the requisites of the statute as to the alienability of the homestead, is open to serious question, in the opinion of the writer of this opinion. It is not difficult to conceive instances wherein such rule would be effective to sacrifice the rights of those whose welfare it is the especial and apparent design of the legislature to conserve. But however that may be, the decisions of this court have never gone further than holding that the waiver, in order to be effective, must be alike and equally imputable to both husband and wife. If confined to the acts or conduct of the husband alone, he would be enabled to do indirectly what the law has shorn him of all power to do directly.

In this case, Mrs. Van Doren had appeared in no proceedings against her husband. The trial court concluded,

and we think rightly, that the Van Dorens had made a timely selection of their homestead, and that the purchaser, Wiedeman, knew of the homestead character of the premises. The statute clearly contemplates that the creditor, after the homestead has been selected, should be the moving party to procure an appraisement, to the end that his execution may attach to the excess over and above the homestead exemption. Compiled Statutes, ch. 36, sec. 5 (Annotated Statutes, 6204.) At the time the execution was levied, it can not be said that the Van Dorens had neglected any duty owing by them. No valid sale as affecting the homestead right could be effected until after an appraisement, in the manner prescribed by statute, at the instance of the creditor. *Quigley v. McEvony,* 41 Neb. 73. No attempt whatever was made to procure such appraisement. The sale as affecting the homestead was therefore wholly void, and the homestead right of the Van Dorens was not devested thereby. If thereupon, without any intervening act of the plaintiffs in error, the purchaser had brought ejectment, his absence of right could have been easily demonstrated upon the theory that the sale, not having been made in conformity with law, was wholly nugatory as affecting the homestead right. The exemption law is for the benefit of the family as an entity. The law jealously guards this entity, and seeks to preserve it intact, because the highest concern of society demands its preservation. To that end the law has always been construed as mandatory, making observance of its various requirements imperative before the homestead will be rendered available to creditors of the husband. In *Baumann v. Franse,* 37 Neb. 807, it was held that a sheriff's deed made in pursuance of a sale of the debtor's homestead, which at the time is actually occupied by himself and family, the levy being made under an ordinary execution, will not devest the debtor of his title or convey any title to the purchaser. It is well settled in this state that the rule of *caveat emptor* applies to judicial sales. We are therefore very clear that by proceeding to sale under the execu-

tion without first having followed the provisions of the statute for appraisement, the execution creditor did not succeed in devesting the Van Dorens of any right of homestead they enjoyed in the premises, and that the purchaser obtained no right as against such homestead. There is still another consideration which it seems would make this sale without any force or legal effect. It appears conclusively that the title to the premises had been transferred to the wife long prior to the attempted sale, and that Wiedeman had actual notice of such transfer. It is true that, prior to this transfer, the lien of the judgment had attached to the property of the judgment debtor which was not exempt, but that fact we think is immaterial. No proceedings were had to annul this conveyance. Being a homestead, it is difficult to see how it could have been avoided. Upon what theory could the property of Mrs. Van Doren be subjected by this process to satisfy the personal debts of her husband? It is certainly elementary that an execution against A can not be levied upon the property of B.

The denial by the court of Wiedeman's motion to be relieved from his bid, he having apparently become aware of the defects in the proceedings already had, neither placed him in any better position than he was when he made his bid nor the Van Dorens in any worse position.

Another reason might be suggested why Wiedeman obtained no rights as affecting the homestead under the sheriff's sale. Section 499 of the Code provides: "The sheriff or other officer, who, upon such writ or writs of execution, shall sell the said lands and tenements, or any part thereof, shall make to the purchaser or purchasers thereof as good and sufficient a deed of conveyance of lands and tenements sold as the person or persons against whom such writ or writs of execution were issued could have made of the same, at the time they became liable to the judgment, or at any time thereafter." Under this statute Wiedeman would get the same title to the homestead that A. L. Van Doren, the husband, could have conveyed by

deed. In the face of the statute providing that a conveyance of a homestead must be signed and acknowledged by both husband and wife, A. L. Van Doren was absolutely powerless to convey or incumber the homestead in any way, and it follows that as against the homestead the sheriff's deed was void, conveying no rights.

We come now to the question whether the gross defects in the proceedings as pointed out were cured, and the sale validated, by the application of Mrs. Van Doren to have the surplus paid to her. If the sale had been merely irregular, confirmation would have been sufficient to cure these irregularities. *O'Brien v. Gaslin,* 20 Neb. 347. A voidable sale is effective to pass title until attacked directly. It is capable of ratification. But a void sale conveys no title, is incapable of ratification, and is subject to be shown to be null, even in collateral proceedings. *Moody's Heirs v. Moeller,* 72 Tex. 635, 13 Am. St. Rep. 839.

We are unable to find merit in contention of counsel for defendant in error, urged with much earnestness, that Mrs. Van Doren is estopped to claim a homestead right in the premises. Long before she appeared in the action, Wiedeman had purchased at sheriff's sale, he had paid in his money, the sale had been confirmed, he had received his sheriff's deed, the money he paid in had been distributed to other creditors all except the surplus—and all this before Mrs. Van Doren had ever appeared in the proceedings. In order for Wiedeman to invoke an estoppel, it must appear that he changed his position, relying upon some action taken by Mrs. Van Doren. He has taken no action since her appearance, except his attempt to recover the premises in ejectment. *Lingonner v. Ambler,* 44 Neb. 316; *Macfarland v. West Side Improvement Ass'n,* 56 Neb. 282.

Again, it would seem that in no event could estoppel supply the want of power in Mrs. Van Doren to convey the homestead except in the manner provided by statute. *France v. Bell,* 52 Neb. 57; *Cumps v. Kiyo,* 104 Wis. 656, 80 N. W. 937; *Minnesota Stoneware Co. v. McCrossen,* 110 Wis. 316, 85 N. W. 1019, 84 Am. St. Rep. 927; *Tapley v.*

*Ogle,* 162 Mo. 190, 62 S. W. 431; *Whitlock v. Gosson,* 35 Neb. 829, 833; *Hubbell v. Canady,* 58 Ill. 425.

It can not be contended that Mrs. Van Doren did anything inconsistent with the theory that the money she received was the money realized from the sale of the land over and above the homestead right. There was nothing in the order of the court which would give her any intimation that the money she was receiving was money realized from the sale of her homestead. The court did not order the surplus paid to her and her husband, as should have been done if it was money realized from the sale of the homestead. The order of the court was to pay the money to Mrs. Van Doren, owner. If it was money realized from the sale of the homestead right, it was the money of herself and husband jointly. She had a right to suppose that, inasmuch as the legal title stood in her name and the court ordered the money paid over to her, she was receiving only the surplus purchase price of the land above the homestead exemption. When we say "void," referring to the sale had herein, we mean that the sale was wholly ineffectual to deprive the Van Dorens of their homestead right in the premises. It is quite probable that under the authority of *Horbach v. Smiley,* 54 Neb. 217, 220, *Whitlock v. Gosson,* 35 Neb. 829, 834, and *Swift v. Dewey,* 20 Neb. 107, the sale, together with the acts of the Van Dorens thereafter, resulted in conveying to the purchaser whatever interest there may be in the premises in excess of the homestead interest of the van Dorens. This being an action in ejectment, the question of the interest obtained by the purchaser in the premises above the homestead exemption can not be, and is not, determined in this case. But it is evident that the interest obtained by the purchaser can not be a basis for a right of recovery of the entire premises in an ejectment proceeding.

There can be no doubt that what Mrs. Van Doren did in the premises is entirely consistent with the contention of plaintiffs in error, that their homestead interest in the land has never been set off or sold, and that they are in no way estopped to claim their homestead right.

But, even if our conclusion upon this branch of the case were otherwise, defendants in error would still be in no position to sustain the correctness of the judgment of the trial court. If the sale is to be validated by the action of Mrs. Van Doren in asking for and obtaining the surplus, obviously it must be upon the theory that her act constituted a waiver of the homestead right. As already indicated, this waiver must be one imputable to both her and A. L. Van Doren. It is conceded in this case that neither of the Van Dorens had done anything which would furnish the basis of a waiver prior to the filing of the motion by Mrs. Van Doren asking for the payment to her of the surplus of the sale. If any waiver of the homestead, happen when or how it may, must be chargeable to both spouses, then it is immaterial in this case, under our view of the record, whether, by asking for or retaining this surplus, Mrs. Van Doren waived the homestead right on her part. We may for the present purpose assume she did, and confine our inquiry to whether such a waiver can be imputed also to A. L. Van Doren. The trial court, adopting the theory that Mrs. Van Doren did waive the right by asking for the surplus, concluded that her husband was equally chargeable with the waiver. In this conclusion we are quite clear the learned trial court erred. Its only basis is that after the motion of Mrs. Van Doren had been favorably ruled on, and an order issued to the sheriff to pay the surplus to her, the sheriff, apparently upon his own motion and out of abundant caution, required that Mrs. Van Doren's husband sign the receipt for the surplus with her. It is difficult to see what power the sheriff had to extend the scope or legal effect of the order to pay the money to Mrs. Van Doren. His function was purely and exclusively ministerial. The order was to pay the money to Mrs. Van Doren. He would have been chargeable with no dereliction of official duty had he contented himself with merely obeying the order in his hands. The right of Mrs. Van Doren, if any, to the money, must be established by the order of the court, and not by arbitrary

conditions annexed thereto by the sheriff. The circumstances under which A. L. Van Doren was induced to sign the receipt with his wife can not be said to have been in any sense a proceeding in which any duty rested upon him to assert his homestead right, nor can his conduct in such a situation be construed into a waiver of the family homestead. It would be a perversion of the law so to hold. If the homestead right of the Van Dorens is to be defeated in this action on the ground of waiver, and if that waiver must be imputable to both husband and wife, it is clear that under no theory of the case can it be said that A. L. Van Doren ever waived the homestead right. *Campbell v. Babcock,* 27 Wis. 512; *Cumps v. Kiyo,* 104 Wis. 656, 80 N. W. 937.

It follows that the sheriff's deed issued in pursuance of the attempted sale of the homestead was insufficient upon which to base a right of recovery in the plaintiff in this ejectment action. The judgment of the trial court is, therefore, wrong and it is accordingly recommended that the same be reversed, and the cause remanded for further proceedings in conformity with the law.

HASTINGS and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.