**In re Ronald J. KURSZEWSKI, Nancy L. Kurszewski f/d/b/a Kurwell, Inc., Debtors.**

**Bankruptcy No. WF7–83–00605.**

United States Bankruptcy Court, W.D. Wisconsin.

July 12, 1984.

David J. Worzalla, McKelvey, Worzalla & Klessig, S.C., Stevens Point, Wis., for debtors.

Robert E. McDonald, McDonald & Petersen, Stevens Point, Wis., for creditor Leonard R. Zurawski.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER AVOIDING LIEN

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Debtors Ronald J. and Nancy L. Kurszewski, by Attorney David J. Worzalla of McKelvey, Worzalla & Klessig, S.C., having filed a motion to avoid a judicial lien;[1] and hearings having been held; and the Debtors appearing by counsel; and Creditor Leonard R. Zurawski d/b/a L.R. Zurawski Realty, Inc., by Attorney Robert E. McDonald of McDonald and Petersen, having opposed said motion; the Court, having considered the arguments of counsel and the complete record and file herein, and being fully advised in the premises, FINDS THAT:

1. The assets listed by the Debtors include a homestead at 2518 Michigan Avenue, Stevens Point, Portage County, Wis-

---

**1.** Actually, the Debtors have filed two such motions. The second motion, in essence an amended first motion, will be treated as superseding the first.

consin, and an unimproved lot in the Meadow Manor Subdivision in the Town of Hull, Portage County, Wisconsin.

2. The parties have agreed that the Stevens Point lot has a value of $44,000. The Debtors' schedules value the Town of Hull lot at $2,000.

3. The Debtors' schedules show that First Financial Savings and Loan holds a $16,541.83 mortgage on the Stevens Point lot and that T.W. & Helen Olszewski are the vendors of a land contract on the Town of Hull lot with a balance of $650. In addition, L.R. Zurawski holds a $13,051.05 Portage County judgment lien against the Debtors' Portage County real property.

4. The cost of a sale of the Stevens Point property would include a real estate broker commission of approximately $2,640. Accordingly, the Debtors' equity in the homestead is no more than $24,818.17.

5. The Debtors' claimed exemptions include: $25,000 on the Stevens Point lot claimed by the wife under Wis.Stats. sec. 815.20; $5,000 on the Stevens Point lot claimed by the husband under 11 U.S.C. sec. 522(d)(1); and $1,350 on the Town of Hull lot claimed by the husband under 11 U.S.C. sec. 522(d)(1).[2]

### Discussion

6. The Debtors moved to avoid the Zurawski judgment lien under the provisions of 11 U.S.C. sec. 522(f)(1).

7. Mr. Zurawski, relying on *In re Jolly*, 13 B.R. 123 (Bankr.E.D.Wis.1981), objected to the Debtors' motion.

8. The matter was adjourned pending the disposition on appeal of this Court's decision in *In re Bogstad*, EF7–83–00354 (Bankr.W.D.Wis. Dec. 1, 1983). In *Bogstad*, this Court recognized the doctrine of exemption stacking. *See, e.g., In re Ageton*, 14 B.R. 833, 836–837 (Bankr. 9th Cir. 1981). In addition, this Court refused to follow the *Jolly* interpretation of Wisconsin

law[3] because (a) neither the *Jolly* court nor the court in the unreported *Janze* decision (upon which *Jolly* relies) appear to have had the benefit of adversary argument on the issue-at-bar and (b) the Wisconsin homestead exemption is liberally construed in favor of debtors to preserve home and family, *In re Neis*, 723 F.2d 584, 587 (7th Cir.1983), *In re Blodgett*, 115 F.Supp. 33, 38 (E.D.Wis.1953).

9. The *Bogstad* appeal was dismissed. *In re Bogstad*, 84–C–91–S (W.D.Wis. April 10, 1984). However, in considered dictum, Judge Shabaz questioned so much of this Court's *Bogstad* opinion as approved of the stacking doctrine. Accordingly, if the issue of exemption stacking was *sub judice*, a question would arise regarding the appropriate precedent to follow. Because the Debtors' homestead equity does not exceed the available state exemption, *compare* paragraph 4, *supra*, with paragraph 10, *infra*, the vitality of the doctrine of exemption stacking need not be determined.

■ 10. There is no doubt that this Court's *Bogstad* decision retains its vitality regarding the proper interpretation of Wisconsin law: either spouse may claim the homestead exemption to the extent of the couple's equity up to $25,000. Wis.Stats. sec. 815.20. *See In re Howe*, 20 B.R. 938, 942 (Bankr.W.D.Wis.1982).

### CONCLUSION OF LAW

■ The Debtors may avoid the Zurawski judicial lien to the extent that said lien impairs an exemption to which the Debtors would have been entitled under 11 U.S.C. sec. 522(b). 11 U.S.C. sec. 522(f), *see In re Bogstad*, EF7–83–00354 (Bankr.W.D.Wis. Dec. 1, 1983), *appeal dismissed*, 84–C–91–S (W.D.Wis. April 10, 1984).

### ORDER

IT IS ORDERED THAT the judgment lien arising from the Judgment docketed in

---

**2.** *See* 11 U.S.C. sec. 522(d)(5).

**3.** "Under Wisconsin law the owner of real estate can not claim a larger homestead exemption

than his ownership interest. *In re Janze*, 76–B–384, 385 ( [Bankr.] E.D.Wis., 1977)." *In re Jolly*, 13 B.R. 123, 126 (Bankr.E.D.Wis.1981).

the office of the Portage County Clerk of Courts on April 6, 1983, as Docket 20, Page K16, in Case No. 83CV–388 be, and the same hereby is, AVOIDED, to the extent that it impairs an exemption to which the Debtors would have been entitled under 11 U.S.C. sec. 522(b).