TRAMELL *v.* ADAM⬤ BLACK MAN.

1. In an action of trespass, &c., to recover freedom, the plaintiff is not entitled to damages after the institution of suit.
2. The action may be sustained without the plaintiff filing his petition and obtaining leave of the Court to sue—these are benefits intended for the plaintiff, and which he may waive.
3. An averment by the plaintiff " that he was and is a free man, and that he is holden as a slave," is sufficient under the statute, if proved, to sustain the action.
4. In every civil case, where a party intends to rely on the statute of limitations, he must plead it, otherwise he cannot avail himself of its provisions.

M'GIRK, C. J., delivered the opinion of the Court.

This was an action of trespass and assault and battery and false imprisonment, instituted by Adam against Finley and Tramell to recover his freedom. The declaration contains one count charging an assault and battery and false imprisonment, and alledges that at the time when, &c., he was and still is a free person, and that the defendants held and still do hold and detain him in slavery. The defendants pleaded not guilty. Upon which plea, issue was taken and tried. Verdict and judgment for the plaintiff, appellee in this Court. To reverse this judgment, the defendant, Tramell, prosecutes his appeal.

Before the examination of the witnesses, the defendant moved the Court to dis-
(156) miss the suit from the docket, because no petition for leave to sue had been filed; and because no leave had been given.

It was in evidence on the trial that Tramell, the appellant, in the year 1810, resided at the United States Saline in the State of Illinois; and that the appellee, who is a negro, lived there also in the possession of the appellant, and as his slave: that Tramell continued to reside at the said Saline till the year 1817, (Adam being still in his possession,) when he removed to the Territory (now State) of Missouri; and that since that time the appellee has been in the possession of said Tramell & Finley as a slave. No other evidence was given on either side.

It is assigned for error:

First. That the Court refused to dismiss the suit from the docket on motion of the appellant, made before the jury was sworn.

Second. Because Court refused to instruct the jury, that on the evidence they could not find a verdict for the appellee.

Third. Because the Court refused to instruct the jury, that unless they found an assault and battery and false imprisonment of the plaintiff, by the defendant, they must find for the defendant.

Fourth. That the Court refused to instruct the jury, that if the plaintiff's cause of action accrued, which was the last detainer, more than two years before the bringing this action, they must find for the defendant, unless they find that the plaintiff's case comes within some of the exceptions in the proviso of the statute of limitations.

Tramell *v.* Adam.

Fifth. That the Court instructed the jury that if they found from the evidence that the plaintiff brought his slave into any part of the State of Illinois with the intent to reside and did reside as a permanent citizen, and there kept him, it amounted to a contract between the master and the slave, that the slave should be free, and that he accordingly became free.

Sixth. That the Court refused to instruct the jury that they could not find any damages for any assault and battery and imprisonment, happening since the commencement of this action, and that the Court gave the contrary instruction.

Seventh. That it appears by the record, that in this case there was no petition filed and leave given by the Court to sue, and on this the Court refused to arrest the judgment.

I will examine the sixth error first, which is, that the Court allowed the jury to assess damages down to the time of the trial. This we conceive is clearly erroneous, (157) and that the judgment as respects the damages alone ought to be reversed.

I will consider the first and seventh errors together, which relates to the petition and leave to be given by the Court, to persons claiming freedom before the suit can be instituted. The act of the Legislature passed the 30th December, 1824, provides by the first section, that persons held in slavery may petition the Court for leave to sue, and that if the Court think a good ground for freedom is shown, they will give leave, order process free of costs, and take steps to secure to the petitioner sufficient liberty to attend counsel and Court, &c. The third section gives the form of the action, which is assault and battery and false imprisonment; and says that the declaration shall contain an averment that at the time of committing the grievances he was and still is free. The fourth section requires the plaintiff to establish his freedom, and then says, " that if the issue be found for the plaintiff, the Court shall give judgment of liberation." It is argued that unless there is a petition and leave given to sue, that the judgment of liberation cannot be given, though a common law judgment for damages alone might be given. My view of this objection is this, that the petition and leave to sue are benefits intended for the plaintiff, and that he may waive them and rely on his own resources, or the goodness of the defendant and the common law powers of the Court to protect him, and that he may, if he avers in his declaration that he was free and still is free, have the statute judgment: there is, therefore, no error on this point.

I will consider the second, third, and fifth errors together, as I consider the question of the plaintiff's right under the ordinance of Congress of 1787, alone is involved in them all. One question is, whether an actual assault, battery and imprisonment must be proved. If this were purely a suit at common law, and it were proved that the defendant held and exercised mere acts of ownership and authority over the plaintiff, as a slave, I should think the proof is sufficient to sustain the charge, and that in this case, the plaintiff having averred that he was and is a freeman, and that he is holden as a slave, is enough under the statute, if proved, to sustain the action, and to warrant the Court to consider this a proceeding under the statute, and to give the judgment of liberation: the defendant has all the benefit which the statute provided for him. As to the residue of these errors, the matter has often been decided by this Court for appellee.

(158) As to the fourth point, I am of opinion that in every case, except in a criminal case, the statute of limitations must be pleaded; that nothing having been done, no question can be made on it.

On the sixth error the judgment is reversed as to damages alone, and that the cause is sent back to the Circuit Court to inquire of those damages, and that the residue of the judgment is affirmed.

WASH, J., dissenting.

I dissent from the opinion above given, on the ground that the plaintiff could recover as at common law only ; and at common law, the judgment for damages is erroneous.   To be entitled to the judgment of liberation, the petition should be filed agreeably to the provisions of the statute.