SAUNDERS TOWNSEND, Defendant in Error, *v.* WM. A. HAWKINS, *et al.*, Plaintiffs in Error.

1. *Land, sale of—Part performance—Escrow—Delivery of deed.*— A. made a verbal contract with B. for the purchase of certain land. Part of the purchase money was paid at the time. The remainder was to be paid in two weeks, when a warrantee deed for the property was to be given. The deed in the meantime was deposited with a third party as an escrow. At the time named for completing the contract, A. refused to pay the remainder, and having purchased of C., who held adversely to B., went into possession under him. *Held*, that the facts showed no such part performance as to take the case out of the statute of frauds. Such a deposit of the deed could not be made to operate as a delivery. At law the statute would be a complete bar to an action to recover the money due, even if the contract were so performed as to make it a fraud to seek to evade it.

*Error to First District Court.*

*Miller*, and *Ewing & Smith*, for plaintiffs in error.

The statute of frauds is ample to defeat a recovery. (Gen. Stat. 1865, p. 438, § 5; 31 Mo. 54; 37 Mo. 388.)

*W. Adams*, and *Draffin & Muir*, for defendant in error, cited Ash, Adm'r, v. Holden, 36 Mo. 166; Abbott v. Allen, 2 Johns. Ch., 519; Smith v. Bailey, 15 Mo. 389; Farrar v. Patton, 20 Mo. 84.

BLISS, Judge, delivered the opinion of the court.

The plaintiff presents his petition to the Saline Circuit Court, setting forth a verbal contract for the sale of certain lands to defendant, Hawkins, for the sum of $1,600, the sum of $100 being paid down and the balance to be paid in about two weeks, when a warrantee deed was to be delivered, the tender of the deed and refusal to pay, with other averments, and asking judgment for the $1,500, and interest, and for the enforcement of the vendor's lien. It appears from the pleading and testimony that the plaintiff lived about twenty miles from the land; that when Hawkins paid him the $100, it was arranged that the deed should be made and left at Arrow Rock for him with a son of plaintiff, who was to deliver it upon payment of the $1,500; that it was so made and left, but that Hawkins called upon the son, told him that he had ascertained that his father had no title in the land, and refused to take the deed or pay the money. About this time—precisely when it does not appear—Hawkins being threatened by defendant Kean, the other claimant, with a lawsuit if he took possession under plaintiff, employed counsel to examine the title, who advised him that Kean had the better title, whereupon he took a contract of him and went into possession under it.

Hawkins and Kean, who is made a party on motion, answer separately, and, among other defenses, the former sets up the statute of frauds. The plaintiff seeks to avoid the force of this defense, by claiming that the contract has been executed in part; that Hawkins has paid a portion of the purchase money, has gone into possession of the property under the contract, and that the deed has been delivered to him by being placed in the hands of the mutual agent of the parties. The payment of the $100 is admitted; the possession under the contract and the delivery of the deed are denied.

The exceptions to the operation of the statute in a sale of lands are clearly and briefly stated by the original author of the treatise on Equity, edited by Fonblanque, B. 1, original page 181: "So if it (the contract) be carried into execution by one of the parties, as if by delivering possession, and such execution be accepted by the other, he that accepts it must perform his part; for where there is a performance the evidence of the bargain does not lie merely upon the words but upon the fact performed. And it is unconscionable that the party that has received the advantage should be admitted to say that such contract was never made." The books are full of cases illustrating these exceptions, and they are placed upon the ground that by enforcing the statute where one party has performed his part of the agreement, and that peformance is accepted by the other, it would be a fraud not to compel him also to perform. (See Sugden on Vend., chap. 3, § 7, on bottom p. 139, &c., and cases cited in the Eng. & Am. Notes.)

But I have seen no case that will sustain the claim of the plaintiff. He is certainly not injured by his receipt of the $100, and no act of the defendant has put him in a worse position than though the contract had not been made. Defendant, Hawkins, it is true, is in possession, but not under the plaintiff. The property was vacant, and it distinctly appears that he did not go into possession until after he had become dissatisfied with plaintiff's title, had renounced the contract, and made a new one with Kean. Had the plaintiff given him the possession the claim would have force; but as it is, it is taken under another, and is adverse to him. So with the execution and deposit of the deed. That showed a willingness to perform the contract on the part of the plaintiff, though he was not bound to do so, and if that performance had been accepted and taken advantage of by defendant the statute could not have shielded him. But the deposit of the deed as an escrow until he had performed the conditions stipulated was not a delivery, was not intended as a delivery, and can not be made to operate as one. (3 Washb. on Real Prop., side pp. 585–6; Shirley v. Ayres, 14 Ohio 308.)

As we view the contract it is unnecessary to decide whether this

petition is an appeal to the law side of the court in the nature of an action to recover the money due upon the contract, or to the equity side for specific performance. If the former, the statute is a complete bar, even if the contract be so performed as to make it a fraud to seek to evade it; if the latter, equity in a proper case will enforce it. (Norton v. Preston, 15 Maine, 14; Griswold v. Messenger, 6 Pick. 517; Jackson v. Pierce, 2 Johns. 233; Barickman v. Kuykendall, 6 Blackf. 22.) The court seems to have treated it as an equitable petition, and to have passed upon the facts without the intervention of a jury. (Story, Eq. Juris., § 759, says that "The distinct ground upon which courts of equity interfere in cases of this sort, is, that otherwise one party would be able to practice a fraud upon the other." There is no fraud proved in this case; the plaintiff has suffered nothing in consequence of making the contract; there is no warrant for the interference of equity, and at law the contract, if not wholly void, can not be enforced against the will of either party.

Most of the record is occupied with another branch of the case. Kean, who claims to have owned the land, is made a party, and both he and the plaintiff make an exhibit of their titles. Our views of the operation of the statute of frauds renders it unnecessary to pass upon the question of title, and besides, that is an issue at law, and the parties in an action of ejectment have a right to a trial by jury.

The judgment of the District Court, the other judges concurring, is reversed.