WILLIAM N. WHEELER et al., Executors, etc., Respondents, v. H. M. DAKE, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. **BILLS AND NOTES: Guaranty: Collection: Insolvency: Action: Appellate Practice.** Where the guaranty is for the collection of a note the guarantor is not liable until legal means against the maker are exhausted, but where the latter is insolvent and bankrupt, legal proceedings are not necessary, and the finding by the trial court on the question of solvency is conclusive on the guarantor.

2. ———: ———: **Contract: Discharging: Statute of Frauds.** Evidence relating to a contract discharging the guarantor is reviewed and held insufficient under the Statute of Frauds, since there was not part performance.

3. ———: **Foreclosure Sale: Value of Land: Title.** Where the holder of a note at a foreclosure sale bids in the property at an inadequate price but receives no deed he cannot be compelled to account for the difference in his bid and the real value of the property, and the title in such case remains in the trustee.

Appeal from Linn Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*A. A. Bailey* for appellant.

(1)   A guaranty of collection cannot be enforced until legal proceedings to collect have been instituted and proved ineffectual, although the principal may have been insolvent.   Bosman v. Akeley, 39 Mich. 710, 33 Am. 447; Dwight v. Williams, 4 McLean 581; McMurry v. Noyes, 72 N. Y. 523; Osborn & Co. v. Lawson, 26 Mo. App. 549.   (2)   The uncontroverted evidence in this case shows a complete settlement of the matters in controversy between plaintiffs' testate and appellant. (3)   The writing of the order to the trustee, W. H. Brownlee, by appellant, its acceptance by plaintiffs' testate, the payment of $100 by appellant to R. J. Wheeler and the delivery by the trustee, of the deeds to

the lots to said Wheeler, was sufficient to take this case out of the statute of frauds.

*Tunnell & Hart* for respondents.

(1)   But if the principal were insolvent suit would be vain and need not be brought.   Heralson v. Mason, 53 Mo. 211; 2 Daniel on Negotiable Instruments (5 Ed.), p. 801, sec. 1769a; Camden v. Doremus, 3 How. 515; McDoal v. Yeomans, 8 Watts 361; Sanford v. Allen, 1 Cush. 473; Flintham v. Steward, 45 Neb. 640; Savings Assn. v. Kellog, 52 Mo. 583; 14 Am. and Eng. Ency. of Law (2 Ed.), page 1154, citing many cases holding to this view, including the following jurisdictions:   Allen v. Rundle, 50 Conn. 9, 47 Am. Rep. 599, and other cases; Dillman v. Nadelhoffer, 160 Ill. 125, and other cases; Summers v. Barret, 65 Iowa 292, and other cases; Huntress v. Patten, 20 Me. 28; Miles v. Linnell, 97 Mass. 298, and other cases; Brackett v. Rich, 23 Minn. 485, 23 Am. Rep. 703, and other cases; Wren v. Pearce, 4 Smed. & M. (Miss.) 91; Williams v. Collins, 2 Murph. (6 N. Car.) 47; Stone v. Rockefeller, 29 Ohio State, 625; Woods v. Sherman, 21 Pa. State   100,   and   cases   cited;   Sheperd   v.   Pears, 1 Tex. Civ. App., sec. 168; Dana v. Conant, 30 Vt. 246, and cases cited; Middle States Loan Co. v. Eagle, 45 W. Va. 588.   (3)   The same principles would be applicable to the case of suit against insolvent principal as would be applicable to excuse of demand and notice to the guarantor by the insolvency of the principal.   14 Am. and Eng. Ency. of Law (2 Ed.), p. 1155; 14 Am. & Eng. Ency. of Law (2 Ed.), p. 1152; Wildes v. Savage, 1 Story (U. S.) 22, and other cases from the United States Courts; Warrington v. Furbor, 8 East. 242; 20 L. R. A., p. 262; 2 Daniel on Negotiable Instruments (5 Ed.), pp. 816 and 817, sec. 1788; Bebe v. Dudley, 26 N. H. 249, 59 Am. Dec. 341; Howe v. Nickels, 22 Me. 175; Walker v. Forbes, 25 Ala. 139; Wagon Company v. Diers, 10 Neb. 284; Cowan v. Rob-

erts, 65 L. R. A. 734. (4) There is no tangible evidence whatever in the record as to any settlement between the appellant and R. J. Wheeler. (5) The alleged settlement between appellant and R. J. Wheeler hangs on the alleged sale of the lots to R. J. Wheeler. There was no memorandum of this sale made and signed. R. S. 1899, sec. 3418.

BROADDUS, P. J.—This is a suit against defendant as guarantor on his guaranty for the collection of two promissory notes. On the 20th day of September, 1898, John W. Toppin executed the two notes, in suit, payable to defendant. One was for the sum of $150 due in two years, the other for $250 due in three years, each bearing eight per cent interest. At the same time Toppin gave a trust deed upon lots 12, 13, 15, and 16, of Dake's Addition to the town of Brookfield, Missouri, to secure their payment. The defendant sold said notes to R. J. Wheeler and endorsed on the back of each above his signature the following: "For value received I hereby guarantee the collection of the within note."

On the 14th day of March, 1905, Robert J. Wheeler died testate and the plaintiffs are the executors under his will. Wheeler caused W. H. Brownlee the trustee in said deed of trust to proceed to foreclose the same and a sale was made of the lots on the 22d day of April, 1901. The lots were bid off by defendant Dake for the sum of $300. At this time the indebtedness amounted to about $300. The cash value of the lots at that time was estimated to be about $800. No suit was ever instituted by Wheeler against Toppin, the maker of the notes, to enforce their collection. Plaintiff introduced a decree in bankruptcy dated the 2d day of December, 1901, adjudging Toppin the maker of the notes a bankrupt, and the evidence of a witness that he

was insolvent at the time of the execution of note and until he was declared a bankrupt.

The defendant offered evidence showing that Toppin did pay some of his debts and that he paid Wheeler money on another and different note. The defendant also offered evidence tending to show that he had been released from said guaranty by Wheeler in consideration of the payment of $100 and the lots mentioned. Wheeler being dead and defendant disqualified as a witness and the transaction not having been witnessed fully by any third party, the evidence is somewhat vague. It appeared that the executors found among the deceased's papers a deed from Brownlee, the trustee who sold said lots conveying them to defendant Dake. Brownlee the trustee stated as follows: "The trustee's deed to H. M. Dake was made by me as trustee and the same at the request of Dake delivered to R. J. Wheeler under some arrangement between the parties, what that was I do not know, for if I had any written order from Dake about the business, it is lost and I do not remember what it was." S. F. Amend testified that he wanted the lots in controversy; that he went into a bank after banking hours with Dake who told him he was about to dispose of the lots to another party and he would have to see that other party before he could trade with him. After they had got into the bank defendant told him he had closed up a deal with Mr. Wheeler for these lots; that Dake and Wheeler talked a little while; that it seemed to him that he was on a trade before; that Wheeler said to Dake, "he would have to have something to show so he could get the papers." Dake said: "I will write you a order." Then Dake gave Wheeler "a paper that he had written something on." Dake was to pay Wheeler $100 and give him a deed to the lots; that he did not know that Dake paid the $100 to Wheeler and that there was some exchange of papers; that he understood that there was an absolute sale of

the lots and on that account he could not get them. On cross-examination he said: "They figured a little bit and figured up to my recollection $106, and Mr. Wheeler says, 'Mr. Dake, I will take $100 and those lots.'" He said that he believed they said something about the Toppin papers. A credit of $100 is endorsed on the note for $110 of the date of February 18, 1902. One of the executors testified that Dake told him the notes were all right and that he would pay them if the executors would wait on him a while. There was a memorandum endorsed on the deed of the trustee to Dake in the handwriting of Wheeler which was as follows: "No payment made on the within by Mr. Dake." Dake denies that in his conversation with the executor he had any reference to the notes in controversy, but that it related to other notes.

One of the questions raised on the appeal is that it was a condition precedent to plaintiff's right to recover against defendant on his guaranty that he must have exhausted all legal remedies to collect from the maker of the note. In Osborne v. Lawson, 26 Mo. App. 549, where the suit was on an unconditional guaranty for the payment of the note, the court said: "This is a guaranty of payment and not a guaranty of collection merely. There is an essential distinction between the two kinds of guaranty. A guaranty of collection implies that the payee will attempt to collect, and it is a necessary part of the implication that he will use reasonable diligence to that end." The court then proceeds to quote from the case of McMurray v. Noyes, 72 N. Y. 524. A part of which in speaking of a guaranty for collection says "the undertaking is, that, if the demand can not be collected by legal proceedings against the principal debtor, the guarantor will pay; and, consequently, legal proceedings against the debtor, and a failure to collect of him by those means, are conditions precedent to the liability of the guarantor; . . ."

The dictum in that case seems to stand alone so far as the decisions of this State are concerned. On the contrary it was held "that where the principal was wholly insolvent and nothing could be realized out of him on execution, it was unnecessary to bring suit against the principal before proceeding against the sureties." The suit was on a bond a condition of which was, "that a holder should not prosecute the sureties, till he had exhausted all legal remedies against the principal." The reason given is: "When a thing becomes useless, nugatory or ineffective the law dispenses with it." [Heralson v. Mason, 53 Mo. 211.] And the same rule of construction was adopted in State Savings Assn. v. Kellogg, 52 Mo. 583. If the principal is insolvent suit would be in vain, and need not be brought. [II Daniels on Negotiable Instruments, p. 801; Dana v. Conant, 30 Vermont 246; Miles v. Linnell, 97 Mass. 298; Stone v. Rockefeller, 29 Ohio St. 625; Brackett v. Rich, 23 Minn. 485; Woods v. Sherman, 71 Pa. St. 100.]

It was therefore a question of fact for the court sitting as a jury to say whether under the circumstances a suit against Toppin the maker would have been availing, and the finding is conclusive upon defendant.

It is insisted that the evidence showed that defendant had discharged the notes. As we have seen there was no positive evidence to that effect. It could be only a matter of inference. It may be presumed as a fact that defendant bid in the property at the sale made by Brownlee the trustee, and the proof is positive that the trustee prepared a deed in which defendant was named as the grantee but it was never delivered to defendant, but was found in the hands of Wheeler. Defendant did not pay to the trustee the amount of his bid and none was paid by any one. It may be inferred from the testimony of the witness Amend that defendant entered into some arrangement with Wheeler by the terms

of which he was to pay the latter $100 in money and convey to him the five lots, and that in pursuance of such arrangement defendant gave Wheeler an order on Brownlee to deliver the deed he held to Wheeler. And we may infer that it was upon this order that Wheeler got possession of the deed, and that he was holding it until defendant paid the $100 agreed upon and conveyed the lots to him. Amend stated that what occurred in his hearing between defendant was about four years previous to the trial which was had in December, 1906, but he was not certain about the time, whereas the $100 was paid in February, 1902, about ten months prior to the approximated time stated by witness. But notwithstanding this discrepancy as to time and we assume that defendant made said payment in pursuance of said arrangement we are at a loss to account for the failure of defendant to convey the lots to Wheeler as that was all that was necessary to be done.

The judgment was for the plaintiffs from which defendant appealed. Admitting the inference to be drawn from all the facts and circumstances that defendant and Wheeler had entered into said arrangement; it cannot avail him, as the agreement was not reduced to writing and the payment of $100 a part performance did not take it out of the provisions of the statute of frauds and perjuries. [Townsend v. Hawkins, 45 Mo. 286; Bean v. Valle, 2 Mo. 126; Lead Co. v. White, 106 Mo. App. 222.]

The defendant also contends that as Wheeler bid in the lots at a sum greatly below their real value under the circumstances he should be compelled to account for the difference. But as it appears that Wheeler received no conveyance of the property and was not shown to have been the purchaser the sale was nugatory and the title still remains in the trustee, it is not necessary to discuss the question.

Finding no error in the record the cause is affirmed. All concur.