J. W. CHILTON, Appellant, v. THE MISSOURI LUMBER AND MINING COMPANY, Respondent.

Springfield Court of Appeals, May 2, 1910.

1. **PRACTICE: Trespass: Cutting Timber: Treble Damages.** In a suit for treble damages for cutting and removing timber, the general practice in this State, where the whole testimony has been submitted to the jury and a verdict found for single damages, is for the court to give judgment for single or treble damages as the facts in evidence warrant.

2. ———: ———: ———: ———: **Duty of Court.** Plaintiff sued for treble damages for cutting and removing his timber by defendant. The jury, under instructions of the court, found for plaintiff the agreed value of the timber. On motion to treble the amount, the court permitted the defendant to reopen the case and heard further evidence as to probable cause. *Held,* that under section 4575, Revised Statutes 1899, it was the duty of the court to determine the issue of probable cause.

and for that purpose the court might hear competent testimony offered by either party, and that the court committed no error in hearing such testimony in this case.

3. ——: ——: ——: ——: **Jury's Verdict.** In an action for treble damages for cutting and removing timber, where the record shows that the jury found for plaintiff an amount equal to the value of the timber as agreed upon by the parties, a proper case is presented for the court to treble the damages, where there was no probable cause shown, and such a case is distinguished from those cases where there is a general verdict in favor of plaintiff and an entire assessment of damages, with no finding of the value of the timber, or where it does not appear that the finding of the jury was specifically for the value of the timber.

4. **TRESPASS: Cutting Timber: Treble Damages: Probable Cause: Advice of Counsel: Sufficiency of Evidence.** In a suit for treble damages for cutting and removing timber, under section 4572, Revised Statutes 1899, the evidence on the issue of probable cause is examined and held that defendant had failed to show that it had probable cause to believe that it owned or had a right to take the timber. The advice of counsel as given in this case constituted no defense.

5. ——: ——: ——: **Probable Cause.** The probable cause which mitigates the offense in an action for trespass, under section 4572, Revised Statutes 1899, and allows single damages only, does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party acting; hence, probable cause means the existence of such facts as would induce a reasonably prudent man under the circumstances to act.

6. ——: ——: ——: ——: **Presumption: Burden of Proof.** The presumption is that when a person commits one of the trespasses as defined and enumerated in the statute (Revised Statutes 1899, sec. 4572), he knows the nature of the act, and the burden is upon him as a defense to show that he had probable cause to believe the existence of facts which, if true, would have justified in law his action.

7. ——: ——: ——: **Construction of Statutes.** The statutes in regard to trespass (Revised Statutes 1899, secs. 4572, 4575) are in *pari materia* and under well-recognized rules of construction are to be considered together in determining their meaning and application.

Appeal from Carter Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED (*with directions*).

*James Orchard* and *J. W. Chilton* for appellant.

(1) The five years in which the defendant's timber deed limited it to remove the timber from the land involved having expired by more than a year when it cut the timber in controversy, it had absolutely no right to cut and remove such timber. State v. Kempf, 11 Mo. App. 88; Adkins v. Huff, 7 A. and E. Ann. Cas., 246; St. Louis Cypress Co. v. Thibedeaux, 45 S. R. 744; Saltonstall v. Little, 90 Pa. St. 422; McRae v. Stillwell, 36 S. E. 604; Webber v. Proctor (Maine), 3 Atl. 631; Golden v. Glock, 15 N. W. 12; Mengal Box Co. v. Moore, 4 A. and E. Ann. Cases, 1047. (2) The burden of proof that defendant had probable cause to believe it had a right to the timber in controversy was upon defendant. Holliday v. Jackson, 21 Mo. App. 667; Henry v. Lowe, 73 Mo. 100; Walter v. Warner, 26 Mo. 143. (3) The question of probable cause was one for the court. Ray v. Thompson, 26 Mo. App. 435. (4) But after the case had been submitted to the jury and a verdict returned, it was certainly error for the court to reopen the case and take further testimony. Bent v. Priest, 10 Mo. App. 562; Van Studiford v. Hazlett, 56 Mo. 322.

*S. L. Clark* and *L. B. Shuck* for respondent.

STATEMENT.—This is an action for treble damages under section 4572, Revised Statutes 1899, for cutting and removing timber by defendant from land which is clearly shown to belong to plaintiff.

It seems that on June 26, 1902, defendant obtained a deed from the then owner of the land giving the defendant the right to cut and remove pine timber from said land for a period of five years. The acts complained

of by plaintiff took place in August, 1908, after the five years had expired and after plaintiff had given full notice of his claim to the land and the timber to the defendant and virtually warned defendant to keep off.

In the circuit court, it was agreed between plaintiff and defendant that the value of the timber cut and removed by defendant was $114.95, and by peremptory instruction, the jury returned a verdict in favor of plaintiff for that amount. Plaintiff thereupon filed a motion to treble the damages as found by the jury, having prayed for treble damages in his petition. The court thereupon, on behalf of defendant, reopened the case and allowed further testimony to be introduced by defendant, and then denied plaintiff's motion. Judgment was rendered for single damages, the court having found that defendant had been advised by its attorneys that the timber deed in question held by it vested in it a perpetual right to said timber, and that, acting on the advice of counsel, defendant had probable cause to believe it owned the timber in controversy at the date it cut and removed the same.

NIXON, P. J.—As will be seen from this statement, this is an action for tresspass on the west half of section 19, township 29, range 2, brought under section 4572, Revised Statutes 1899, in which the petition charges that the respondent entered upon and cut down and destroyed trees and carried away timber growing upon the land of the appellant, for which injury judgment was asked for treble damages.

Upon the hearing of the case, the parties filed a stipulation whereby it was agreed that on August 14, 1908, the respondent entered upon said land and cut and removed timber of the value of $114.95. By peremptory instruction, the court directed the jury to return a verdict for the appellant for said amount. Upon the return of the verdict, appellant filed a motion to treble the

amount so found.   The court proceeded over the objection of the appellant to hear respondent's testimony as to its probable. cause to believe that the timber taken was its own under section 4575, Revised Statutes 1899. After hearing such testimony, the court overruled appellant's motion to treble the damages and entered judgment for the amount of the verdict of the jury, that is, for single damages only.   It was urged in the motion for new trial, filed by appellant, that the court erred in reopening the case and permitting respondent to introduce evidence as to the question of its good faith, after the jury had heard the evidence and returned a verdict, the contention being that it was the  duty of the court to treble the damages on the evidence heard by the jury without hearing additional evidence offered by respondent to show its probable cause to believe that the timber taken was its own under section 4575, Revised Statutes 1899.

I.   The general practice in this State in the trial of cases like the present, where the whole testimony has been submitted to the jury and a verdict found for single damages, is for the court—having heard the testimony submitted to the jury—to give judgment for single damages or treble damages as the facts in evidence seem to warrant.   This practice, whether right or wrong, has become the settled rule in this State.   [Walther v. Walther, 26 Mo. 143; Rousey v. Wood, 57 Mo. App. 1. c. 661; Brewster v. Link, 28 Mo. 147; Herron v. Hornback, 24 Mo. 492; Cox v. Railroad, 123 Mo. App. 1. c. 366, 100 S. W. 1096.]

II.   In the present case, there was a general finding by the jury for the plaintiff, and the verdict does not specifically state that it is for the value of the timber cut and carried away.   It has been held that where there is a general verdict in favor of the plaintiff and an entire assessment of damages with no finding of the value of the timber, the damages could not be trebled.   But that class

of cases refers to trials where the whole record is not preserved as in this case and where it does not appear that the finding of the jury was specifically for the value of the timber. [Brewster v. Link, 28 Mo. 147; Labeaume v. Woolfolk, 18 Mo. 514.] Such cases cannot be cited in support of an objection to treble the damages in the present case for the reason that the verdict of the jury in not specifically stating that their finding was for the value of the timber cut is a mere error of irregularity as the record shows that the parties agreed upon the value of the timber and the jury was required by the court to make a finding only as to the value of such timber and the verdict in fact was made under a peremptory instruction that the jury should find for the plaintiff the value of the timber as agreed upon by the stipulation of the parties, and no other question was considered by the jury.

III.    Under the law, it being the duty of the court to pass upon the issue of probable cause under section 4575, Revised Statutes 1899, in  ascertaining whether the damages should be trebled or not, it was proper for the court to hear any competent evidence offered by either party on that issue in order to be able to properly discharge that duty.   Therefore, the court committed no error in the hearing of such testimony.   The claim made by appellant that he was taken by surprise at such ruling of the court is not entitled to serious consideration as there was an entire failure on his part to show by affidavit or otherwise that he had any competent evidence that could have been procured by a continuance or that he had taken any steps to secure such evidence or had complied with the well-settled rules applicable to continuances in cases of surprise.

IV.    Appellant further contends that the court erred in overruling his motion to treble the damages in this case.

The statutes in regard to trespass, sections 4572 and 4575, Revised Statutes 1899, are in *pari materia,* and under well-recognized rules of construction are to be considered together in determining their meaning and application.   Section 4575 should be considered as a proviso to section 4572; the two sections formerly constituted but one section, but they were separated in a revision of the statutes.

The common source of a title to appellant's land was the Church Mercantile Company, from which appellant obtained title by a chain of regular conveyances and no question is raised as to their sufficiency.   Prior to appellant's purchase of land respondent had obtained a timber lease from the Church Mercantile Company— June 26, 1902—whereby there was granted it all the pine timber on said land together with the privilege of entering upon the premises and cutting and removing said timber for a period of five years from the date thereof.

On April 17, 1909, appellant purchased the land and received a deed therefor, and thereupon, by letter, notified respondent of the purchase of said land as follows:

"April 27, 1908.
"Missouri Lumber and Mining Company,

"Gentlemen:—I have bought from Church Mercantile Company (indirectly) the west ½ of section 19, township 29, range 2, west, in Shannon county, Missouri.   I find that in June, 1902, you obtained a timber deed from this concern which limited you to five years in which to remove the timber, the timber deed calling alone for the pine.   At the end of five years, your right, of course, ceased, and whatever timber is left on the land is of course my property.   I will perhaps wish to sell this land after while, and wish to get the title in good shape for market.   You understand of course that even a timber deed may be found objectionable to some buyers who are not familiar with our titles.   I would like, therefore,

144 App—21

to have you make a quitclaim deed to me, if agreeable, and I will bear the expense thereof. Should you not be willing to do this, I would perhaps make you defendant in a suit to perfect title, which I will bring on the land soon. Kindly let me hear from you and oblige."

After considerable correspondence between the parties in reference to respondent furnishing appellant with a quitclaim deed in order to perfect his title and remove the cloud caused by the timber lease, the respondent neglected to grant appellant's request. Appellant then filed suit in the Shannon county circuit court, making the respondent one of the defendants, for the purpose of determining the title of the parties in the land and quieting the title of appellant. In the petition in that case, appellant stated that the defendants made some claim of title to the said land adverse to the estate and title of the appellant and prayed the court to "try, ascertain and determine the estate, title and interest of the plaintiff and defendants, and by its judgment and decree to define and settle the title, estate and interest of the plaintiff and defendants, severally, in and to said real estate, and that defendants be forever debarred and precluded from hereafter making claim or setting up claim of title to said land or any part thereof."

Process was issued in said cause and duly served upon the respondent. Such suit was brought prior to the time when respondent cut the timber from the land in question. The summons therein was served on the respondent on August 12, 1908, by personal service on C. C. Sheppard, superintendent of the company. On the 14th day of August, 1908, two days after the service of the summons, the respondent entered upon, cut and removed 114,496 feet of pine timber from appellant's land as appears by the stipulations of the parties.

Upon reopening the case and upon the trial before the court on the issue of treble damages, the respondent, to show probable cause under section 4575, introduced C. C. Sheppard, the general superintendent of the re-

spondent company, as a witness. He testified: "We had a timber deed and we thought we should cut the timber within five years and that time had expired and Mr. Chilton wrote us a letter asking us to give him a quit-claim deed; he said he wanted to perfect the title to his land, and said even a timber deed would stand in the way. Upon receiving this letter, we sent two men to ascertain whether the timber had been cut and they reported that it had not been cut. Thereupon, we sent our deed and correspondence to Mr. Clark, our attorney, and I think to Shuck & Cunningham, and to Mr. Orr and to Judge Denning, asking what they would advise us to do about it, and their advice to us was that we were entitled to the timber, but would probably be subject to damages. Upon the advice of our attorneys, we immediately put teams in there and cut the timber. The summons in the suit to quiet the title to the land on which the timber was growing was· served on us on August 12, 1908."

We have minutely examined the record in this case, and the evidence of respondent's good faith is, to say the least, inconspicuous. It was notified of appellant's title to the land, and it knew that its claim on the timber had expired by limitation. The appellant had made a futile attempt by correspondence in an amicable way to remove the cloud on his title caused by the timber lease, offering to pay the expenses of the release, and was compelled to bring a suit in the courts to quiet his title. Within two days after the summons in such suit was served upon it and after having received a written notice of the claim of the appellant prior to the service of said summons, and having full knowledge and notice of the appellant's claim to ownership of the land, the respondent by its servants wrongfully entered upon said land and cut and removed the timber of the agreed value of $114.95 instead of submitting its claims to the determination of the court when summoned to enter the door of justice and there settle its rights. The appellant had

done all in his power to prevent a trespass, and the action of the respondent in cutting the timber after the suit was commenced was a wanton disregard of the rights of the appellant and showed a want of proper respect for the authority of the courts.

The only excuse offered for its conduct was that it relied upon the advice of counsel who informed it that it was entitled to the timber but would probably be subject to damages. The respondent thus puts itself in the position of excusing its wrongful destruction of the timber in question by evidence that it relied upon the advice of counsel that such conversion would subject it to damages, and gives its plea of probable cause the appearance of being a very lame excuse of good faith which is the substance of the defense provided for in section 4575, Revised Statutes 1899. Section 4572 attaches a penalty of treble damages to any person who shall go upon the land of another and cut and remove the timber therefrom; but the subsequent section provides that if such person had probable cause to believe that the land or the thing taken was his own, single damages only should be assessed.

The presumption is that when a person commits one of the trespasses as defined and enumerated in the statute, he knows the nature of the act, and the burden is upon him as a defense to show that he had probable cause to believe facts which, if true, would have justified in law his action. [Walther v. Walther, supra; Henry v. Lowe, 73 Mo. 96.] The probable cause which mitigates the offense and allows single damages only does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party acting. Otherwise, the whole statute as to malicious trespass and treble damages would be rendered nugatory; and hence probable cause requires such knowledge of facts as would induce a reasonable man under the circumstances to act. But when the respondent, as in this case, wrongfully appropriated the appellant's tim-

ber, knowing that it was standing and growing on appellant's land, such act would render it liable for treble damages, notwithstanding respondent may have acted upon the advice of counsel that it had a right to the timber when its counsel at the same time informed it that the cutting of the trees was an illegal act which would render it liable for damages.

But besides all this, respondent had received notice in writing of appellant's claim to the possession of the land and the timber in controversy, and, having such notice, when the respondent entered upon the land and appropriated the timber, it acted at its peril and became liable for treble damages. Ray v. Thompson, 26 Mo. App. l. c. 435. And the advice of its counsel—such as given in this case—constituted no defense under section 4575. It cannot be said of respondent that the evidence, fairly considered, shows that it acted with such a proper regard for the rights of others or with such a degree of impartiality, reason, and freedom from prejudice, as could fairly be expected from a man of ordinary prudence and caution acting under the advice that it received. The case is beyond question one under the statute for treble damages. There being no substantial dispute or conflict over the facts in the case, the question of probable cause was one of law for the court. The judgment is reversed and the cause remanded with directions to the trial court to sustain appellant's motion for treble damages and to enter judgment accordingly at respondent's costs. All concur.