H. R. STARKS, Respondent, v. THE GARVER LUMBER MANUFACTURING COMPANY, Appellant.

Springfield Court of Appeals, June 27, 1914.

1. STATUTE OF FRAUDS: What Within: Growing Timber Part of Realty. Growing trees are a part of the realty and a contract relative thereto must be in writing. [Citing Section 2783, R. S. 1909.]

2. ————: ————: ————: Timbers Cut and Removed Previous to Sale. Where under a parol contract plaintiff cut and removed certain timber with the consent of the then owner of the land he acquired title to the same as against a subsequent purchaser of the land and the Statute of Frauds cannot be invoked to defeat plaintiff's claim.

3. ————: Growing Timber: Title. Plaintiff had rented and was residing on and farming certain land, a portion of which was cleared. He purchased by verbal contract certain standing timber. Though he had paid the purchase price, the possession of the timber which he then had was not referable to his contract of purchase which is one of the essentials to take his contract out of the Statute of Frauds as against a purchaser of the land.

Appeal from New Madrid Circuit Court.—*Hon. R. G. Ranney,* Special Judge.

REVERSED AND REMANDED *(with directions).*

*J. R. Brewer* and *H. C. Riley, Jr.* for appellant.

(1) The timber standing on the land being a part of the realty could only be conveyed by a deed in writing. Hence Miller and Fields acquired no title to the timber sued for and could convey none. Sec. 2783, R. S. 1909; Lead Co. v. White, 106 Mo. App. 230; Potter v. Everett, 40 Mo. App. 161; Andrews v. Corrigan, 30 Mo. App. 33. (2) Before this case is taken out of the Statute of Frauds the proof must show that plaintiff went into possession of the land upon which said timber was standing in pursuance to and referable to the parole contract for the purchase of said timber. Wood's Landlord and Tenant, 374; Browne on Frauds (2 Ed.), sec. 455, 457, 472, 473, 477; Emmel v. Hayes, 102 Mo. 193; Lead Co. v. White, 106 Mo. App. 231. (3) The sale of the standing timber in question by Barnes the owner of the land to Fields and Miller by them to Allie Stewart and by Stewart to the plaintiff not being in writing is a mere executory contract and conferred but a license to remove the trees. Potter v. Everett, 40 Mo. App. 152; Lead Co. v. White, 106 Mo. App. 222. (4) The making of the deed to appellant revoked respondent's license to enter upon said land and cut said timber. And the instant that the deed was delivered to appellant, he became the owner of all timber then standing on the land. 1 Washburn on Real Property (3 Ed.), 549; Drake v. Wells, 11 Allen, 123; Harrel v. Miller, 35 Miss. 700, 72 Am. Dec. 154; Hicks v. Mill Co., 57 L. R. A. 720.

*Thomas Gallivan* for respondent.

When a party buys even real estate, pays the purchase price, enters into possession and exercises the usual acts of ownership thereof and claims to the world that he owns the same, that the facts take the transaction out of the Statute of Frauds, and that a subsequent purchaser with notice, either actual or con-

structive which results from respondent's possession, both notices being in this case, cannot take his property away from him without being liable therefore. Shaffer v. Detie, 191 Mo. 392; Squires v. Kimball, 208 Mo. 119; Wiggenhorn v. Daniels, 149 Mo. 165; Leavitt v. LaForce, 71 Mo. 353; Davis v. Briscoe, 81 Mo. 27; Ins. Co. v. Smith, 117 Mo. 261; Lambert v. Railroad, 212 Mo. 692.

ROBERTSON, P. J.—About June 17, 1911, the plaintiff succeeded to the rights of another party to a verbal contract for the purchase of all timber on one hundred acres of land in the county of New Madrid, for which he paid $35. Upon acquiring this interest in the contract of purchase, he interviewed the then owner of the land who gave him assurances that he should have until the first day of the succeeding January in which to remove the timber. All of plaintiff's negotiations, both in acquiring the interest in the contract and making the arrangement with the land owner, were verbal. At the time of this purchase the plaintiff had rented and was residing on and farming the cleared portion of the land, and after acquiring the interest in the contract he resumed his work some time during the next month. On July 31, 1911, the defendant purchased the land, which was conveyed to him by a warranty deed in which there was no exception of the timber. The deed was not recorded until August 10, 1911. At the time of the purchase by defendant the plaintiff had cut and hauled away about ten thousand feet of the timber and about $500 worth, "on the market," of timber was left standing. Soon thereafter the defendant replevied the logs already removed and so threatened the plaintiff and his employees that they discontinued the work of cutting timber. The defendant abandoned the replevin suit and this action was brought by the plaintiff in the circuit court in two counts, the first alleging conversion by defendant

of the logs cut and removed from the land and the second count seeking to recover damages for the refusal of the defendant to permit plaintiff to remove the timber that was left standing. Defendant answered by a general denial, a plea setting up the Statute of Frauds and averring that at the time of the alleged conversion it was the owner of the trees and that the plaintiff had no right, title or interest therein. The plaintiff filed a reply and upon a trial to a jury a verdict was returned in favor of the plaintiff on the first count for $250 and on the second for $500. The defendant has appealed.

Growing trees are a part of the realty and contracts relative thereto must be in writing conformably to the requirements of Section 2783, Revised Statutes of 1909. [Lead Co. v. White, 106 Mo. App. 222, 230, 80 S. W. 356.]

As to the first cause of action alleged in the plaintiff's petition and upon which the verdict is entered, we are of the opinion that no reversible error was committed by the trial court that involves the judgment on that count, because at the time the trees were removed the defendant had not purchased the land and the testimony shows that the trees were severed from the land and removed with the consent of the then owner of the land and were in possession of the plaintiff before the purchase by defendant; consequently, the Statute of Frauds could not be invoked by the defendant to defeat the plaintiff's claim for this timber.

As to the second count in plaintiff's petition, we are of the opinion that the judgment thereon must be reversed. Assuming that the defendant when it purchased the land had notice of plaintiff's claim, yet, according to plaintiff's own testimony, even though he was only in possession of the tillable portion of the land under his farm lease at the time he claims to have succeeded to the contract for the timber, he was

then also cutting and removing the timber either as a trespasser or with the consent of the landowner; consequently, even though he had paid the purchase price the possession of the timber which he then had was not referable to his contract of purchase, which is one of the essentials to take his contract out of the Statute of Frauds. A continuance of such possession, as has been noted, is not sufficient (Emmel v. Hayes, 102 Mo. 186, 194, *et seq.*, 14 S. W. 209), and the case at bar is distinguishable from cases where it is held that full performance on the purchaser's part and the delivery of possession to him by the landowner takes his contract out of the statute and justified an action at law thereon. [Johnson v. Reading, 36 Mo. App. 306, 317; Nally v. Reading, 107 Mo. 350, 355, 17 S. W. 978; Marks v. Davis, 72 Mo. App. 557; Bless v. Jenkins, 129 Mo. 647, 657, 31 S. W. 938.]

What we have stated in this case dispenses with the necessity of a review of the authorities cited by the appellant, some of which are upon the question of the effect that possession has as notice to the vendee of the rights of the parties so in possession, but those cases are not applicable and have no bearing on the case according to our disposition of it for the reason that the rights of the plaintiff were not sufficient to defeat the title the defendant acquired and were not such rights as could be enforced even against the vendor. The other cases cited in behalf of the plaintiff are distinguishable from the case at bar because here, as we have held, the plaintiff had no such possession as removed the case from the effect of the Statute of Frauds.

The judgment of the circuit court is affirmed as to the first count and reversed as to the second and the cause remanded with directions to the circuit court to modify the judgment accordingly. *Sturgis, J.,* concurs. *Farrington, J.,* concurs in result.