R. F. DENNIS, Respondent, v. LEE O. WOOLSEY, WILLIAM COOK, and JOHN HOLLINGSWORTH, Appellants.*

In the Springfield Court of Appeals, May 13, 1925.

1. **TRESPASS: Cutting Timber: Treble Damage Statute.** In action for unlawfully cutting and carrying away timber from land of another, where defendants admitted having cut the timber, they would be liable for treble damages under section 4242, Revised Statutes 1919, if they did not own the timber, had not been given permission by the owner to cut it, and cut it without any fair claim of right.

2. ———: ———: ———: **Cutting Timber in Good Faith under Claim of Right, Not Liable for Treble Damages.** In action for unlawfully cutting and carrying away timber from land of another, if defendants had probable cause to believe that they had the right to cut the timber and acted in good faith, then, even though the action were brought under the treble damage statute (section 4242, Revised Statutes of 1919), they would be liable for only single damages under section 4245, Revised Statutes of 1919.

3. **FRAUDS, STATUTE OF: Contracts: Oral Extension Held Within Statute.** Where written contract granting right to cut timber was orally extended for one year in consideration of grantee paying balance not yet due under terms of contract, such extension was within the Statute of Frauds, for the reason that it attempted to convey an interest in real estate and was not to be performed within one year from the time of its execution.

4. ———: ———: **Oral Extension: Performance.** Where written contract granting right to cut timber was orally extended for one year in consideration of grantee paying balance not yet due under terms of contract, such payment was a sufficient consideration for the contract of extension, but was not alone sufficient to take such contract of extension out of the Statute of Frauds.

5. ———: ———: ———: ———. Where grantee in contract granting right to cut timber, who was engaged in cutting timber at time of expiration of such contract, remained on the land and continued to cut timber thereafter under oral extension contract extending the time granted by original contract for one year, such action was not a taking of possession under the right granted by the oral

Dennis v. Woolsey et al.

extension, but merely a continuation of a form of possession or holding over, and was not such a performance on the part of the grantee as to take the oral extension contract out of the Statute of Frauds.

6. **APPELLATE PRACTICE:** Appellant, Not Appealing as to Two Defendants Released at Trial, Cannot Complain as to Them on Appeal. Plaintiff, who did not appeal from judgment giving damages against only one of three defendants, cannot complain, when, on appeal of defendant assessed below, it appears he has no cause of action against him, but may have action against other two defendants.

7. **LICENSES:** Cutting Timber: Logs and Logging: Notice to Quit Necessary Before Licensee Cutting Timber Becomes Trespasser. Where grantee in contract granting right to cut timber continued to cut timber after expiration of contract under oral extension agreement which was within Statute of Frauds and not effective to grant such right, being an interest in real estate, he had no title to the timber, but did have a license to cut it, and was not a trespasser, so that neither such grantee nor his transferees were liable in damages for timber cut prior to revocation of such license. or giving notice to quit such cutting, by owner of the land or his vendee with notice thereof.

8. ———: ———: ———: Licensee not Liable for Trespass of His Transferee after Revocation of License. Where licensee, having license to cut timber, sold his right to others, such sale, standing alone, would not render him liable for a trespass committed by the purchasers after notice to quit· such cutting had been given by owners of land.

---

*Headnotes 1. Trespass, 38 Cyc., pp. 1164, 1167; 2. Trespass, 38 Cyc., p. 1167; 3. Frauds, Statute of, 27 C. J., Section 417; 4. Frauds, Statute of, 27 C. J., Section 431; Logs and Logging, 38 C. J., Section 52; 5. Frauds, Statute of, 27 C. J., Section 431 (Anno); 6. Appeal and Error, 4 C. J., Section 2599; 7. Logs and Logging, 38 C. J., Section 72; 8. Logs and Logging, 38 C. J., Section 79 (Anno.)

Appeal from the Circuit Court of Texas County.—*Hon. W. E. Barton,* Judge.

REVERSED AND REMANDED (*with directions*).

*Addison Brown,* of Springfield, for appellants.

(A)   The court erred in deciding that the year's extension for cutting the timber given in consideration of the payment of the purchase price before it was due was invalid because not in writing.   In such cases the courts hold as follows:   "Where parties to a written contract acquiesce in its oral modification and its nonperformance according to the original terms by one is in reliance on the other's assent, the latter is estopped to deny the efficacy of the modifying agreement, as where the parties agree to an extension of the time of performance and act upon such agreement."   27 Corpus Juris, page 29. The above statement of the law is correct even though no consideration passes between the parties.   Where a consideration passes between the parties there would be two legal reasons for its validity.   Under the decisions of the Missouri appellate courts it is not necessary for an extension of time for the performance of a contract to be in writing to be valid.   This, of course, would be especially true where there was a new consideration for it, which of itself would make it valid.   Hamburger v. Hirsch, 212 S. W. 51; Stout v. Edwards, 210 S. W. 128; Melton v. Smith, 65 Mo. 322; Mastin v. Grimes, 88 Mo. 478.  (B)   The court clearly erred in excluding the testimony of R. N. Lee in regard to Lee's purchase of the land from Dennis before the timber sued for was cut.   If Lee was the owner of the land at the time the timber was cut Dennis would have no right of action against the defendants.   (C)   The court erred in dismissing the proceedings as to Woolsey and Cook, who were asking for either $100 damages or the right to cut the balance of the timber that they had bought from Mr. Hollingsworth as affirmative relief, in view of the fact that they objected and expected to the action of the court in dismissing the proceedings so far as they were concerned.   (D) In view of the fact that nothing was allowed as damages to the plaintiff for timber that was cut after the notice to discontinue was given and during the period sued for between the 3rd of November and the 28th of November,

1923, and the court did not render judgment against anyone for timber cut during that period, the court erred in rendering judgment for the plaintiff for timber that was sawed before the notice was given, especially so in view of the fact that plaintiff did not either sue for timber cut prior to giving the notice or offer evidence to sustain such an action. (E) The court erred in refusing to give defendant's declaration of law No. (A). The declaration of law correctly declared the law in this State and should have been given. Authorities under (A), supra.

*L. O. Neider*, of Willow Springs, and *Hiet & Impey*, of Houston, for respondent.

There could be no question as to the rights of appellants prior to the 30th day of August, 1923, the date of deed to respondent. All the timber cut prior to that time was with the consent of Seifert, the then owner of the land. But from the date of the deed and subsequent all the timber cut by appellants was the timber of and belonged to respondent and cut, taken and carried away against the consent of the owner and against his absolute opposition, as shown by the evidence. But assuming that Dennis the plaintiff, had notice that Hollingsworth was claiming the timber, he was then cutting the timber and removing it from the land either as a trespasser or with the consent of the landowner, even though he had paid the purchase price. The possession of the timber which he then had was not referable to his contract of purchase, which is one of the essentials to take his contract out of the Statute of Frauds. A continuance of such possession as has been noted is not sufficient. Starks v. Manufacturing Co., 182 Mo. App. 241. Under the law the plaintiff became the owner of the land and the timber growing thereon on August 30, 1923, and all acts of Hollingsworth and Woolsey and Cook subsequent to that date were in violation of the property rights of the

plaintiff and his peaceable and quiet enjoyment thereof, and by their acts of aggression against the property of the plaintiff and against his will, are guilty of trespass under section 4242, Revised Statutes 1919, as alleged in plaintiff's petition and under the admissions of the defendants in evidence, plaintiff should have had judgment for the value of the timber so severed from the soil against the defendants jointly. The general rule of law is that all who direct the commission of a trespass or wrongfully contribute to its commission or assent to it after it is committed are equally liable to the injured person and that it is quite unnecessary in order to charge a defendant in an action of trespass that he should physically participate in the act of seizing and removing. Holliday v. Jackson, 21 Mo. App. 667; Reaffirmed same case 30 Mo. App. 264; Carris v. Nimmons & Bennett, 92 Mo. App. 66-71. The evidence in this case discloses the fact that there were cut and taken one thousand and eighty-nine railroad ties of the market value of twenty cents each in the tree. The evidence of the amount of timber "trees" taken was testified by the defendants. The values by other witnesses, and was so found by the trial judge on the three hundred thirty upon which he rendered the judgment against the appellant for $66. Respondent concedes the error of the trial court in dismissing the case as to Woolsey and Cook and rendering a judgment against appellant alone. The court sitting as a jury should have found for the plaintiff and against all the defendants for the value of the timber severed from the land by all of the defendants in the sum of $217.80. This sum should have been trebled unless under section 4245 it appears that the defendants had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing (timber) so taken and carried away injured or destroyed was their own. There can be no question in this case that can or should prevent plaintiff's recovery of $217.80, value of the timber as single damages  The only ques-

tion there is, did the defendant, by the evidence, show probable cause why they should not pay the full penalty of the section 4242 as prayed in plaintiff's petition? We think not. Chilton v. Lumber Co., 144 Mo. App. 325.

COX, P. J.—Action for treble damages under section 4242, Revised Statutes 1919, for cutting and carrying away timber. Defendants, Woolsey and Cook, filed a separate answer and alleged that they were assignees of a contract which gave them the right to cut the timber and asked for a decree of specific performance of that contract or if that were found to not be proper, then for damages against plaintiff for his refusal to permit them to cut more timber. Defendant Hollingsworth pleaded the same contract and that he was the grantee therein and had transferred it to the other defendants of which plaintiff had notice and asked to be discharged with costs. The court found for defendants, Woolsey and Cook, as to plaintiff's charge against them and discharged them but did not decree specific performance in their favor nor award them any damages. The issues were found against Hollingsworth and judgment rendered for plaintiff against him for $60. All of defendants appealed.

When the contract referred to was executed Eugene Seifert was the owner of the land on which the trespass was alleged to have occurred. On the 10th of February, 1922, the following contract was executed:

"Willow Springs, Mo.
"2-10-22

"To whom it may concern that Bob Seifert party of the first part agrees to sell all the marketable timber on his land, known as the Charley Kimp eighty acres, except two pine trees and enough white oak to make five hundred fence posts, to John Hollingsworth party of the second part for ($100) one hundred dollars and (7000 ft.) seven thousand feet of No. 3 lumber.

"Party of the second part agrees to pay $50 after $50,000 feet of lumber is sawed and the remainder $50 after all the timber is cut.

"Party of the second part agrees to have all the timber cut by May 1, 1923.

"E. R. SEIFERT,

"JOHN HOLLINGSWORTH."

After the execution of the above contract Hollingsworth moved a sawmill onto the land and cut a large amount of the timber. In November, 1922, Hollingsworth and Seifert agreed orally, that if Hollingsworth would then pay to Seifert the balance of $50 to be paid under the contract but which was not then due, the time to remove the timber would be extended for one year or until May 1, 1924. The payment was made and defendants relied upon the validity of that contract extending the time for one year beyond the time fixed in the original contract for the removal of the timber, to justify their acts in cutting the timber. The saw mill remained on the land and timber was cut and sawed at intervals by Hollingsworth until October, 1923, when he sold the saw mill and his rights and interest under the contract between him and Seifert to defendants Woolsey and Cook. On August 30, 1923, after the original contract in writing by its terms had expired on May 1, 1923, Seifert, the owner of the land, sold it to plaintiff and conveyed by general warranty deed with no reservations whatever. After defendants, Woolsey and Cook, bought from Hollingsworth they began to cut and saw timber but before cutting any timber were notified by plaintiff that he was the owner of the land and were forbidden to cut any timber. They did cut some timber after this notice was served upon them. This suit was then filed.

At the trial, the land mentioned in the contract between Seifert and Hollingsworth as the Charley Kimp eighty acres was identified as the same land conveyed by Seifert to plaintiff and on which the sawmill was placed and the timber cut. Some question is raised as

to the sufficiency of this contract to convey to Hollingsworth title to the timber standing on the land. Questions are also raised as to the execution and delivery of the deed from Seifert to plaintiff and of notice to plaintiff of the rights of defendants, Woolsey and Cook, as purchasers from Hollingsworth of the timber in question. In the view we take of this case, it will not be necessary to pass upon these questions. Defendants admitted having cut the timber. If they did not own the timber and had not been given permission by the owner to cut it, they were liable. If they cut it without any fair claim of right they would be liable under section 4242 for treble damages. If they had probable cause to believe that they had the right to cut the timber and acted in good faith, then, even though the action were brought under the treble damage statute, they would only be liable for single damages under section 4245, Revised Statutes 1919. [Walther v. Warren, 26 Mo. 143; Brewster v. Link, 28 Mo. 147; Henry v. Lowe, 73 Mo. 96, 100; Rousey v. Wood, 57 Mo. App. 650, 661; Cox v. St. Louis, M. & S. E. R. Co., 123 Mo. App. 356, 366, 100 S. W. 1096; Chilton v. Mo. Lumber & Mining Co., 144 Mo. App. 315, 127 S. W. 941.]

Assuming, without deciding, that the written contract of February 10, 1922, between Seifert, the owner of the land, and Hollingsworth, was sufficient to convey to Hollingsworth the title to the timber standing on the land with the limitation that it must be removed by May 1, 1923, it is apparent that the rights of all the parties in this case depend upon the validity of the contract of extension of the time to remove the timber from May 1, 1923, to May 1, 1924, and the action of the parties thereunder. If this extension contract was not binding, then all title to the timber in Hollingsworth failed on May 1, 1923, when the original contract expired. It is clear that the alleged extension was within the Statutes of Frauds for the reason that it attempted to convey an interest "in real estate" and was not to be performed

within one year from the time of its execution. For that reason this extension contract, which was oral, conveyed no title to the timber unless there was such performance on the part of Hollingsworth as to take it out of the statute. When we look for what was done for performance under the oral extension contract, we find that at the time of the execution of this contract, the balance to be paid by Hollingsworth under the original contract was paid before it was due. This, we think, was a sufficient consideration for the contract of extension but the payment of consideration alone is not sufficient to take the contract out of the statute. [Bean v. Valle, 2 Mo. 126, 134; Townsend v. Hawkins, 45 Mo. 286; Topley v. Ogle, 162 Mo. 190, 197, 62 S. W. 431; Wheeler v. Dake, 129 Mo. App. 547, 553, 107 S. W. 1105.]

At the time the oral extension contract was made, Hollingsworth was in possession as far as possession could be taken by him. His saw mill was on the land and he was engaged in cutting trees and sawing them into lumber. He was there, however, under the original contract and had the right to remain until the 1st of May of the next year. When that time arrived, he merely continued to cut trees and saw them into lumber as he had been previously doing. There was no change in the form of possession but only a continuation of the acts previously performed under the old contract. It was, at most, not a taking of possession but merely a continuation of a form of possession or holding over. This was not such a performance on the part of Hollingsworth as to take the contract out of the statute. [Emmel v. Hayes, 102 Mo. 186, 194, 14 S. W. 209; Starks v. Garver Lumber Mfg. Co., 182 Mo. App. 241, 167 S. W. 1198; Lead & Smelting Co. v. White, 106 Mo. App. 222, 231, 80 S. W. 356.]

This is not a case to which the rule that payment of the purchase price of land and the delivery of possession takes an oral contract of purchase out of the statute. This was not a sale of the land but only of the timber

growing thereon. The only possession of the land contemplated was merely such as might be necessary to permit a removal of the timber. As far as possession of the land was to be given, it was a limited possession both as to character and the time of its duration and a holding over after the expiration of the time limited in the original contract could have no greater force than that of a tenant continuing in possession after the expiration of his lease and that is not sufficient to take a contract out of the statute..

From what we have said it will appear that plaintiff may have had a cause of action against Woolsey and Cook for either treble or single damages for timber cut after notice to quit, but since on that question the issues were found for these two defendants and plaintiff did not appeal, he cannot now complain. What we have said will also dispose of the case adversely to the contention of these two defendants that they should have been given a decree for specific performance or in lieu thereof a judgment in their favor for damages. It remains to be determined what should be done with the judgment against Hollingsworth for $60. We do not think this can stand. While we hold that his title to the timber, if he had any, ended with May 1, 1923, it does not necessarily follow that he was a trespasser when he cut timber after that date. Since Seifert owned the land on which the timber stood until August 30, 1923, Hollingsworth was cutting the timber with the consent of Seifert, the owner. He had no title to the timber but he did have a license to cut it and it is familiar law that he could proceed under that license until it was revoked by notice to quit. No notice to quit was given him hence he could not be held liable for any timber cut prior to August 30, 1923, when Seifert transferred the land to plaintiff. In the purchase of the land from Seifert by plaintiff, the father of plaintiff acted as his agent and this agent knew at the time that Hollingsworth was cutting timber on the land but said he was informed by Seifert that Hollingsworth

could be stopped at any time. That was notice to plaintiff through his agent that Hollingsworth was a licensee and not a trespasser. That made it incumbent upon plaintiff to give notice if he desired to revoke the license. We do not think plaintiff had a right of action against any of defendants for any timber cut from the land prior to the time that he gave notice to them of his ownership of the land and forbade them cutting any more timber. We find no evidence that would connect defendant, Hollingsworth, with the cutting of any timber after plaintiff served notice of his ownership of the land and forbade the cutting of timber. While one who advises, or in any way abets, the commission of a trespass may be held liable the same as the person who commits the act, yet we know of no rule of law that will hold a party as an accessory who does not advise or abet the act. While Hollingsworth sold his rights to the other defendants, yet he at that time had a license to cut timber which would protect him in the cutting until the notice to quit had been given and the sale of that right to others would not, standing alone, render him liable for a trespass committed by the purchaser after notice to quit had been given.

The finding and judgment of the trial court against the plea for specific performance or damages in lieu thereof by defendants Woolsey and Cook is approved and since plaintiff did not appeal, the judgment in favor of these defendants on the charge of trespass is also approved but the judgment against Hollingsworth is reversed. Since there can be but one final judgment in the same cause, the entire judgment is reversed and the cause remanded with directions to enter judgment in favor of all the defendants. *Bradley* and *Bailey, JJ.,* concur.